EDWARD WILLIAMS

v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa April 3, 1897.*

1. EVIDENCE—*rule as to admitting evidence of crimes other than those charged.* Where offered evidence tends to prove the charge in an indictment, the mere fact that it also tends to prove another crime does not render it inadmissible; but evidence which tends to prove only that the accused committed another crime, and for that reason might have committed the offense charged, is inadmissible.

2. CRIMINAL LAW—*the reasonable doubt which a jury may entertain must be on the whole evidence.* The reasonable doubt which a jury may entertain must be in regard to the guilt of the accused considering the whole evidence, and not in regard to the sufficiency of proof of any particular fact in the case.

3. INSTRUCTIONS—*when instruction as to effect of defendant's neglect to testify may be refused.* An instruction, in substance, that while a defendant in a criminal case may testify yet he is not obliged to do so, and his neglect to testify creates no presumption against him, may be refused, where the defendant, at trial, availed himself of the right to testify.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. JOHN J. GLENN, Judge, presiding.

R. A. WADE, (JAMES E. PURNELL, of counsel,) for plaintiff in error.

Per CURIAM: This was an indictment in Rock Island county against Ed. Williams, (*alias* Ed. Shevlin,) John Rice, (*alias* Thomas Clark,) and James Wilson, (*alias* Thomas Duffy,) for an assault upon one Charles C. Walker, on the 17th day of June, 1896, with intent unlawfully, willfully and feloniously to steal from the person of said Walker one diamond shirt stud of the value of $300, the goods and chattels and personal property of said Walker. On a trial of the cause the jury found each of the defendants guilty as charged in the indictment, but they found that the defendant Williams was only nineteen years old when the offense was committed. Upon a return of the

verdict the court entered a judgment sentencing John Rice (*alias* Thomas Clark) and James Wilson (*alias* Thomas Duffy) to the penitentiary of the State at Joliet, and Ed. Williams (*alias* Ed. Shevlin) to the Illinois State Reformatory at Pontiac. The defendant Williams, and he alone, sued out this writ of error.

It appears from the record that on the 17th day of June, 1896, Buffalo Bill's Wild West show exhibited in Rock Island. The defendants and one Minnie Daly, who were known as noted pickpockets and thieves, followed the show to Rock Island. It also appears that all the defendants named in the indictment had associated themselves together in the furtherance of a common purpose to steal and pick pockets, and on the day named, in a dense crowd of people in the streets of Rock Island, they attempted to rob one Charles C. Walker of a valuable diamond shirt stud.

We shall not stop to discuss the evidence introduced on the trial, but upon an examination it will be found ample to sustain the verdict of the jury and judgment of the court. Evidence was introduced on behalf of the People tending to prove that the defendants named in the indictment, with other notorious thieves and pickpockets, came to Rock Island on the day of the show, acting in concert and with a common purpose to steal and pick pockets when and where an opportunity was presented; that they acted under the leadership of one Minnie Daly, who was notorious in that line of business; that they were all at Ottawa on the day the show exhibited there, on the 16th of June, and followed the show from there to Rock Island on the next day. It is, however, contended, that the court erred in the admission of evidence which, as is contended, tended to prove the commission of crimes other and different from the one charged in the indictment.

As a general rule, where a person is indicted for one offense evidence of another and a different offense is not

admissible. But there are exceptions to the rule. In the discussion of the question in Roscoe on Criminal Evidence (sec. 90) the author says: "The notion that it is itself an objection to the admission of evidence that it discloses other offenses, especially when they are subject of indictment, is now exploded. If the evidence is admissible on general grounds it cannot be excluded on this ground." (See, also, *State* v. *Fowler*, 14 Kan. 105; Wharton on Crim. Evidence, sec. 32.) In *Farris* v. *People*, 129 Ill. 521, where the question arose, it was said (p. 529): "It is conceded that the mere fact that testimony may tend to prove the commission of other crimes or to establish collateral facts does not necessarily render it incompetent, provided it is pertinent to the point in issue and tends to prove the crime charged; but the general rule is against receiving evidence of another offense, and no authority can be found to justify its admission unless it clearly appears' that such evidence tends in some way to prove the accused guilty of the crime for which he is on trial."

It seems to be well settled that where the offered evidence tends to prove the charge in the indictment, the mere fact that it may tend to prove another crime does not make it inadmissible. If, however, the offered evidence only tends to prove that the accused committed another crime, and for that reason it is probable that he may have committed the crime charged in the indictment, the admission of such evidence would be erroneous. Here the defendants were following a show from place to place which daily attracted large crowds of people. They followed the show to Rock Island, where, as was usual, the streets were crowded with people. The defendants were there for the purpose and with the intent of stealing and picking pockets. What they did at Rock Island that day was in pursuance of a common object and purpose. Their acts and conduct were all connected. No evidence was offered for the purpose or with the view to prove the commission of another crime, but the court allowed

the People to prove the conduct and acts of the plaintiff in error and the other defendants who were indicted with him, before and after the attempted robbery for which they were indicted, as tending to prove the issue involved. While there may be some doubt in regard to the ruling of the court on the admission of the evidence complained of, and while we might be better satisfied with the verdict of the jury had the court excluded the evidence, yet the guilt of the plaintiff in error was so clearly established that we do not regard the ruling of the court on the admission of evidence sufficient ground to cause a reversal of the judgment.

It is next claimed in the argument that the court erred in giving the third instruction for the People. This instruction relates to the credibility of a defendant in a criminal case who testifies in his own behalf, and the weight to be given to his evidence. Upon an examination of the instruction it will be found that it conforms to the rule laid down in *Bressler* v. *People*, 117 Ill. 422.

It is also urged in the argument that the court erred in refusing defendants' instructions Nos. 12, 13, 14, 15, 16, 17, 18, 19, 20 and 22. The particular error relied upon in refusing these instructions has not been pointed out in the argument. No. 12 in substance informed the jury that while a defendant in a criminal case has the right to testify he is under no obligation to do so, and under the statute his neglect to testify shall create no presumption against him. While the law may be correctly stated in the instruction, as the plaintiff in error availed himself of the right to testify in the case the instruction had no application to the case and was properly refused. The substance of the thirteenth instruction was, that the jury should find the defendant not guilty unless every material allegation of the indictment was proved beyond a reasonable doubt. The substance of this charge was embraced in instruction No. 9, which had been given to the jury. No. 14 in substance directed the jury that every

material fact necessary to constitute the crime charged must be proved beyond a reasonable doubt. This court has held in a number of cases that the reasonable doubt the jury is permitted to entertain must be in regard to the guilt of the accused on the whole evidence, and not on any particular fact in the case. (*Bressler* v. *People, supra.*) The substance of the fifteenth was given in other instructions. As to the sixteenth, all that was contained therein proper for the jury was given in instruction No. 8. No. 17 does not seem to be predicated on any facts .appearing in the record. The substance of instruction No. 18 was given in other instructions. No. 19 related to the question of reasonable doubt, which was given in other instructions. No. 20 was substantially given to the jury in No. 4. No. 22 related to the character of the defendants. As there was no evidence whatever on that question before the jury the court was not required to instruct the jury on that question. Indeed, upon an examination of the instructions given by the court it will be found that the jury was fully instructed in regard to all the law involved in the case.

As no substantial error appears in the record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*