(No. 11614.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAUD LINDLEY, Plaintiff in Error.

*Opinion filed February 20, 1918.*

1. CRIMINAL LAW—*when court's remarks in ruling on competency of evidence constitute prejudicial error.* Where the proof as to whether a defendant is guilty of stealing an automobile is not clear the record should be free from substantial error, and remarks by the court in refusing the admission in evidence of a chattel mortgage by which the defendant claimed to have obtained the car, having a tendency to discredit the paper as evidence in the minds of the jury, constitute prejudicial error, although the court afterwards, of its own motion, admits the mortgage in evidence.

2. SAME—*when it is prejudicial error to admit evidence of another crime to show guilty knowledge.* If the guilt of a defendant charged with receiving a stolen automobile is not clear it is prejudicial error to admit evidence intended to show guilty knowledge by connecting the defendant with the theft of another automobile some time after the larceny of the one in question, where such evidence merely tends to raise a suspicion of the defendant's connection with the latter crime, notwithstanding the court subsequently orders the evidence stricken from the record.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

MAX LUSTER, and FRANK A. McDONNELL, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (DANIEL G. RAMSAY, and GEORGE C. BLISS, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Maud Lindley, a married woman, resides in the city of Chicago, where she keeps a rooming house. Her husband either conducts or works in a plumbing shop in Kokomo, Indiana. Mrs. Lindley was indicted in the criminal court of Cook county in June, 1917, some of the counts of the indictment charging her with the larceny of an automobile on October 28, 1916, and others charging her with buying, receiving and aiding in concealing an automobile that had been stolen from its owner, well knowing said property had been stolen. She was tried, convicted and sentenced to the penitentiary by the judgment of the criminal court, and brings the case here for review by writ of error.

Benjamin F. Cartwright, residing at 3134 Franklin boulevard, in Chicago, was the owner of a Studebaker automobile which he kept in his private garage on the premises where he resided. On or about October 28, 1916, it was stolen from the garage. It was found in May, 1917, in the garage of Ed. E. Hill, in Kokomo, Indiana, where it had been stored by plaintiff in error. She explained her connection with and possession of the automobile in the following manner: She had formerly resided in and near Kokomo. While visiting there during the summer of 1916 a man giving his name as Edward Fields introduced himself to her, claiming he recognized her because he formerly lived there and used to deliver papers to her family when they resided on East Jackson street, in Kokomo. Along about November 1, 1916, Fields either called on plaintiff in error personally or called her by telephone and told her he was going to drive from Chicago to Kokomo the next day and inquired if she did not wish to accompany him. She consented to do so, and the following day plaintiff in error and her brother went with Fields and another man in an automobile driven by Fields, to Kokomo. After arriving there Fields later saw plaintiff in error and told her he had expected to receive $250 that day from someone in Ko-

komo but did not get it and was disturbed and disappointed. He offered to mortgage the car to plaintiff in error for the money, and after some negotiations she finally loaned him $200, taking a note and a chattel mortgage on the car, which he left in her possession. She stored it first with her sister, a few miles out in the country from Kokomo, but later had it brought in and placed in the garage. of Pearl Miller until April 8, 1917, when she sold it to Tracy J. Taylor for $450. She testified she had previously received a letter from Fields, dated March 22, 1917, post-marked Columbus, Ohio, telling her he would be unable to re-pay the loan and advising her to sell the car but to try and get $500 for it. He advised her that Ed. Hill, of Kokomo, might be able to assist her, and said he would see plaintiff in error soon. The letter and envelope in which it was received were introduced in evidence. A few days before the sale to Taylor, who was employed in the store of Carson, Pirie, Scott & Co., plaintiff in error learned he desired to purchase a car, called on him at the store and proposed to sell him the car she had in Kokomo. Taylor agreed to go with her to see the car, and they went to Kokomo, arriving there Sunday, April 8, 1917. Plaintiff in error asked $500 for the car, which Taylor declined to give, and a sale of it was finally made to Taylor for $450. One hundred dollars was paid in cash, and Taylor gave his check, dated eight days ahead, to plaintiff in error for $350, taking a receipt from plaintiff in error, in which she agreed to return the cash and check and take back the car if upon investigation it was found there should be any lien of any kind on the car. Before the check was cashed Taylor notified plaintiff in error that he was not satisfied with her title to the car and requested the return to him of the cash and the check. He testified the car had been stolen, but it is not entirely clear that he told plaintiff in error that he had found it was a stolen car. He told her enough, at least, from which she would naturally infer that Fields did not own the car. The

plaintiff in error returned to Taylor the money and his check, took the car back and had it driven to Kokomo and stored in the garage of Ed. Hill until it was taken by the police officers, May 19, 1917.

The chattel mortgage given by Fields to secure his $200 note to plaintiff in error was prepared in the office of and acknowledged by Nora O'Neill, a lady notary public in the city of Kokomo, in the presence of plaintiff in error, and while, as she testified, the car stood in front of the building where the notary's office was. The chattel mortgage described a Studebaker seven-passenger touring car, 1917 model, serial No. 10,731-I. The car stolen was, in fact, a Studebaker seven-passenger touring car, 1916 model, serial No. 104,568. During the progress of the trial counsel for plaintiff in error offered in evidence the note and chattel mortgage given plaintiff in error by Fields. No objection was made to the offer, and when counsel proposed to read them the court interrupted and directed plaintiff in error's counsel to show them to counsel for the State. Counsel for the State replied they had no objection. The court inquired whether the mortgage described the automobile in question, and counsel for the State replied that it did not, whereupon the court interjected, "Why haven't you got an objection?" Counsel for the State then replied he would object to it, and the court announced the objection was sustained. Thereupon a lengthy colloquy followed between the court and counsel for the respective parties, during which the court made statements from which the jury might well infer that the court thought it a suspicious circumstance that an attempt should be made to introduce in evidence a chattel mortgage which did not correctly describe the car and refused to permit the note and mortgage to be read in evidence. Plaintiff in error testified that the mortgage was given on that particular car while it was standing in front of the notary's office, and that she had been in possession of the car ever since, except for the few days Taylor had

it, until it was taken by the police officers. She testified she knew nothing about automobiles and had never before owned one. The court refused to let her answer whether she made an inspection of the car to get its description. Later the court announced he would admit the note and chattel mortgage in evidence and they were thereupon read to the jury. Plaintiff in error testified the description of the car was furnished the notary by Fields.

It appears that a Buick car was stolen in Chicago on May 12, 1917, and two young men were at the time of the trial of this case in the Cook county jail under indictment for that crime. The court, over objection of plaintiff in error, admitted certain testimony on behalf of the State in an attempt to show that plaintiff in error was in some way connected with that crime. The proof, if admissible, was not sufficient to raise more than a mere suspicion, and the court later concluded it was not competent, and after its admission and at the close of the People's case made the following ruling: "The court will strike all the testimony relative to the Buick car, and the jury will disregard any evidence introduced in this case relative to the Buick car."

We do not pass upon the sufficiency of the evidence to sustain the verdict and judgment if the case were free from prejudicial error, but the case made by the proof was of such a character that the record should be required to be free from any substantial error.

Defendant in error, in effect, concedes the mortgage was competent evidence, but insists that at the time it was offered the court was justified in refusing to admit it in evidence, and that the remarks of the court in giving reasons for his refusal to admit it were not prejudicial. If the mortgage was ever competent,—and we think it was,— it was competent when offered. The remarks made by the court in expressing his views in ruling on its competency, while not of a flagrant nature, were of a character calculated to discredit it with the jury as evidence. Undoubtedly

no such thing was intended by the court, but we think that was the probable and reasonable effect of the remarks, and that when it was later admitted by the court on his own motion it was discredited in a measure, if not entirely. Under the state of this record we cannot say this circumstance did not have a prejudicial effect upon plaintiff in error's rights. The case does not come within the rule announced in *People* v. *Murphy,* 276 Ill. 304, *People* v. *Halpin,* id. 363, and *People* v. *Cleminson,* 250 id. 135.

The testimony as to the Buick car should not have been admitted. (*People* v. *Gibson,* 255 Ill. 302.) The larceny of the Studebaker car occurred October 28, 1916. The Buick car was stolen May 12, 1917. The two crimes were separate and independent, and it is not claimed that the parties charged with the theft of the Buick car had anything to do with or connection with the stealing of the Studebaker car. In *Lipsey* v. *People,* 227 Ill. 364, it was held that in a prosecution for receiving stolen property, proof that the accused on a former occasion received some of the same goods through the same channel is competent as tending to show guilty knowledge, but in *People* v. *Baskin,* 254 Ill. 509, it was held only evidence of other transactions of a similar nature before the one in question is admissible for the purpose of showing guilty knowledge. It was error to admit this testimony. The court must have so concluded when he ordered it stricken from the record at the close of the testimony for the State, but this is not a case where we would be justified in holding that the ruling in striking out the evidence, erroneously admitted, cured the error. *People* v. *Pfanschmidt,* 262 Ill. 411; *People* v. *Ahrling,* 279 id. 70.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*