### DAMPIER *v.* STATE OF INDIANA.

[No. 23,935.    Filed November 2, 1921.]

CRIMINAL LAW.—*Knowingly Receiving Stolen Goods.—Guilty Knowledge.—Evidence.—Subsequent Receipt of Other Stolen Goods.—Admissibility.*—In a prosecution for knowingly receiving a stolen automobile, evidence that defendant had received seven other cars, from the same thief, within a period of three months after the date charged, was inadmissible to show guilty knowledge.

From Marion Criminal Court (51,217); *James M. Leathers,* Special Judge.

Prosecution by the State of Indiana against John Dampier. From a judgment of conviction, the defendant appeals. *Reversed.*

*Eph Inman, J. T. Markey* and *Edwin Steers,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, C. J.—It was charged that appellant knowingly received a stolen Ford automobile on April 3, 1920. He was tried by jury and convicted.

The state showed that he received seven other Ford cars, from the same thief, within a period of three months after the date charged. The relevancy of this evidence is the sole question presented.

The gravamen of the crime is guilty knowledge of the larcenous character of the property charged to have been received. No one, who is informed, will now dispute the competency of evidence of prior receipts of stolen property to show guilty knowledge. But, what relevancy has subsequent receipts? None at all. Proof of subsequent receipts impel the human mind to a belief in the probability of guilt in the same manner that proof of other crimes generally impel to that belief. This is a most cogent reason for the exclusion of such evidence.

Suppose that appellant is guilty of receiving each of

the last seven cars, knowing them to have been stolen, this does not prove nor tend to prove, that he had guilty knowledge when he received the first. The receipt of the seven cars, or even of second car, may have caused appellant to know that the first one was stolen; but this does not prove nor tend to prove, that he had guilty knowledge at the time that he received the first. This subsequent knowledge should not be made retroactive.

In *Beuchert* v. *State* (1905), 165 Ind. 523, 76 N. E. 111, 6 Ann. Cas. 914, this court laid down the rule: "That in trials for receiving stolen goods evidence tending to prove that other stolen goods were found in the possession of the defendant at the *time*, or *prior* to the *receiving complained of*, is competent * * * on the question of guilty knowledge." (Our italics.)

In the following cases it was held error to admit subsequent receipts: *People* v. *Willard* (1891), 92 Cal. 482, 28 Pac. 585; *People* v. *Baskin* (1912), 254 Ill. 509, 98 N. E. 957; *People* v. *Lindley* (1918), 282 Ill. 377, 118 N. E. 719; *State* v. *Moxley* (1910), 41 Mont. 402, 110 Pac. 83.

The judgment is reversed, with instructions to sustain appellant's motion for new trial.

Myers, J., absent.