THE STATE v. RALPH PARK, Appellant.—16 S. W. (2d) 30.

Division Two, March 2, 1929.

*J. R. Nicholson* and *D. C. Chastain* for appellant.

*Stratton Shartel*, Attorney-General, and *Mary Louise Ramsey*, Special Assistant Attorney-General, for respondent.

78

BLAIR, P. J.—This case was submitted at the October term and comes to the writer upon reassignment. Appellant was convicted of the felony of receiving stolen property, was sentenced to imprisonment in the penitentiary for a term of two years, and has appealed.

A brief statement of the facts will suffice. On the night of March 10, 1927, two sets of work harness were stolen from the farm premises of J. R. Keeney, in Jackson County, and early in April following one set thereof was found in appellant's shed in Cass County. The other set was found in the possession of another person to whom appellant admitted he had sold it.

One George Luther testified that he and others stole Keeney's harness and brought the two sets directly to appellant's place and left them there between midnight and daylight. Later the same day they returned and appellant paid them the sum of about $50 for the two sets. Keeney fixed the value of the stolen harness at over $100.

Luther testified that he had an arrangement with appellant whereby he and his associates would steal harness and automobile tires and dispose of them through appellant. He claimed that he had thus stolen, and later disposed of, ten sets of harness and a number of automobile tires.

Appellant admitted that he had purchased six sets of harness and one automobile tire from Luther, but claimed that he paid fair value therefor and had no knowledge that they were stolen; that he paid Luther $22.50 for a set of harness on two occasions before he bought the Keeney set of heavy harness; that he paid $54 for that set of harness; that he later bought three sets of harness from Luther and paid him $15 per set, and that the light set of Keeney harness was one of the three last purchased.

On April 5, 1927, the set of heavy harness, stolen from Keeney on the night of March 10th, was found in appellant's shed after a search of appellant's premises, under authority of a search warrant, the validity of which is challenged. Appellant was away from home when the officers of Jackson and Cass counties arrived. He returned after the harness was found. He denied stealing the harness and stated that he had bought the set from a man he did not know who was driving an automobile along the highway, where appellant was driving some cattle. The State's evidence tended to prove that appellant admitted, after his preliminary hearing, that he *did* know that man and that it was Luther and that he had lied when he said that he did not know the man. At the trial appellant explained that he knew the man, but meant that he did not know his name.

While appellant established a good reputation, which the State did not deny, and while Luther was shown to be an ex-convict and of bad reputation generally, we have no hesitancy ruling that a case was made for the consideration of the jury. The truth of Luther's testimony was for the jury and from it the jury had the undoubted right to find that appellant was guilty of receiving the two sets of Keeney harness, knowing that they were stolen.

It is contended that the trial court erred in admitting in evidence the testimony of several witnesses concerning the finding in appellant's stable of the set of heavy harness stolen from Keeney. This discovery was made under the purported sanction of a search warrant, the validity of which is assailed by appellant on various grounds. If the search warrant was illegal, the search was unauthorized and testimony of the officers concerning the discovery of the harness procured thereunder was not properly admitted. [State v. Owens, 302 Mo. 348, 259 S. W. 100.] Let it be assumed, for the purposes of this opinion only, that the search warrant was invalid and that the testimony should have been excluded when offered. It does not follow, however, that the judgment must be reversed on that account. We think the error, if it was error, was cured by the subsequent conduct and admissions of appellant.

The effect of the evidence challenged was to prove that appellant had possession of the harness stolen from Keeney. Appellant testified to such possession himself and sought to show that such possession

80

was without knowledge on his part that the harness was stolen. In 38 Cyc. 1432, the general rule is laid down as follows: "Error in the admission of evidence offered by one party is cured where practically the same evidence is afterward introduced by the adverse party, or elicited on cross-examination." In State v. Seward (Mo. Sup.), 247 S. W. 150, l. c. 152 and 153, REEVES, C., said: "Such statement was not a part of the res gestae, but a narrative of a past event, and therefore incompetent. . . . [Citing cases.] The error, however, was entirely cured, as appellant's counsel not only developed the same facts on the cross-examination of Wagner, but thereafter made inquiries touching the same matter of other witnesses, and developed the same facts." See also State v. Burgess (Mo. Sup.), 193 S. W. 821, l. c. 824 [8, 9]; State v. Moore, 156 Mo. 204, l. c. 212, 56 S. W. 883.

Another assignment of error is that the trial court gave appellant insufficient time to challenge the jury. The record shows that, when counsel returned appellants's list of challenges, the court offered to allow more time if it was required and counsel then stated he could not then use more time. There is clearly no merit in the contention, even if the record justified the complaint, because the allowance of time to make challenges to the jury, in cases where the statute specifies no time, is necessarily within the discretion of the trial court, the exercise of which cannot be disturbed in the absence of proof of abuse of such discretion.

Error is assigned because the court failed to give proper instructions at the request of appellant on the following subjects: reasonable doubt, presumption of innocence and burden of proof. These subjects were covered in the usual and often approved manner in Instruction 2, given by the court, and this contention is overruled.

Complaint is also made that the court failed or refused to instruct the jury upon the effect upon the credibility of a witness of his previous conviction of crime; that Luther was an accomplice and was required to be corroborated. Counsel for appellant made a number of requests for instructions on these and other objections which were mere collateral matters. They were subjects upon which the court was not required to instruct, whether so requested or not. [Sec. 4025, R. S. 1919.] The record fails to disclose that counsel for appellant prepared and submitted to the court any instructions on these subjects. The court was not required to prepare them for appellant upon mere request. [State v. Simon (Mo. Sup.), 295 S. W. 1076; State v. Starr, 244 Mo. 161, 148 S. W. 862, and cases cited.]

Besides, an instruction on the testimony of an accomplice was not proper in this case. Appellant was tried for and convicted of the crime of receiving stolen property and not for larceny. Luther was the thief and appellant the receiver of the fruits of his theft, according to the State's evidence. The thief and the receiver of the property stolen are not accomplices in the crime of receiving. stolen property, knowing it to be stolen. [State v. Cohen, 254 Mo. 437, 1. c. 451, 162 S. W. 216; State v. Shapiro, 216 Mo. 359, 1. c. 371, 115 S. W. 1022; State v. Kuhlman, 152 Mo. 100, 1. c. 103, 53 S. W. 416.]

Appellant complains of the admission of evidence tending to prove that he received from Luther stolen harness and automobile tires, other than the Keeney harness charged in the information. He particularly complains of evidence regarding transactions of that character subsequent to the time appellant came into possession of the Keeney harness. Like complaint is made of the refusal of the court to instruct the jury to disregard such subsequent transactions. In 34 Cyc. 525 (IV), the general rule is thus stated:

"Evidence of the receipt of other stolen goods by defendant at a time not remote from, and under circumstances connected with, the receipt in question is admissible to show guilty knowledge; and generally it must be shown that the goods were received from the same person. According to the better rule, it is not necessary to show that the goods were stolen from the same person, since that is not essential in order to show· that defendant had notice of the character of the goods; but it must appear that they were received with knowledge that they were stolen, since the only ground on which this evidence is admissible is to show that defendant had been put on his guard as to the questionable nature of his dealings."

See also 17 Ruling Case Law, page 88, section 94. Such is the rule in Missouri. [State v. Cohen, supra, 1. c. 455; State v. Smith, 250 Mo. 350, 1. c. 368, 157 S. W. 319.]

The evidence complained of was properly admitted. This being true, it follows that the court did not err in instructing the jury that it had the right to consider such testimony on the question of appellant's guilty knowledge. The jury could not be limited to transactions before the reception by appellant of the Keeney harness, if all such transactions occurred about the same time and under the same general arrangement, as the State's evidence tended to prove.

Appellant assails Instruction 1. It is criticized because it did not require the jury to consider the good character of appellant or the presumption of his innocence and because it did not advise the jury as to the burden of proof. It required the State to prove and the jury to find the facts constituting the crime charged against appellant "beyond

a reasonable doubt.'' The other matters complained of were sufficiently and properly covered in separate instructions.

Said Instruction 1 is also criticized because it authorized conviction of appellant for receiving two sets of Keeney harness, while the appellant's evidence tended to prove that the sets were received at different times. The State had the right to have instructions based on Luther's testimony that the two sets were delivered to appellant at the same time. Appellant asked no instruction on any different theory. The proof tends to show that each set was worth $30 or more. However, the said instruction authorized conviction of appellant for a misdemeanor, if the property received by appellant was of a value less than $30.

Said Instruction 1 is also said to be erroneous because it did not require the jury to find that appellant knew the harness he received was stolen, but required it to find ''only facts such as to cause him to know'' that it was stolen. On this issue the instruction required the jury to find ''that the facts and circumstances known to and by the defendant in connection with either buying or receiving it, if he did so buy or receive, were such as to cause him to know the said property was stolen.''

This instruction does not permit the jury to find guilty knowledge on appellant's part, if an ordinarily prudent man would have known the harness was stolen if it had been offered to him under like or similar circumstances, but required the jury to find that appellant actually was caused to know such fact from all the circumstances known to him at the time. It is not subject to the criticism made. [State v. Gowdy, 307 Mo. 352, l. c. 363, 270 S. W. 310.]

Instruction 1 is further criticized because it did not define the offense of larceny or require the jury to find that the property was feloniously taken and was the property of Keeney and that said property was taken within the period of the Statute of Limitation. The instruction is far from a model in the respects mentioned, but it did require the jury to find that the harness was stolen from Keeney. The information was filed June 4, 1927. The case was tried September 21 and 22, 1927, and the evidence showed that the larceny and subsequent reception of the harness were in March, 1927. No issue was made under the evidence that the crime was not committed on or about the time charged in the information and shown by the State's evidence. Appellant was not prejudiced by the omission to submit such issues and such failure to submit them does not constitute reversible error. [17 C. J. 338, sec. 3686.]

Instruction 2 on the presumption of innocence and reasonable doubt is assailed because it does not authorize consideration, in con-

nection with the evidence in the case, of the presumption of innocence. There is no merit in the contention. The instruction was in the usual and repeatedly approved form.

Instruction 3 was as follows:

"The court instructs the jury that testimony of other transactions besides the Keeney harness between defendant and witness Luther or other parties is admitted for the sole purpose of showing whether defendant knew the Keeney harness was stolen."

Said instruction is the target for eight assignments of error in appellant's brief, each of which is utterly devoid of substantial merit. There is no evidence of any transactions between Luther and appellant other than the reception by appellant from Luther of property stolen by Luther and the instruction was not misleading on that account. In terms it may have assumed that the Keeney harness was stolen; but in Instruction 1, the jury was required to find that the harness was stolen from Keeney and it was unnecessary to' repeat the requirement in every instruction. All of the instructions must be read together. Besides, there is no conflict in the evidence as to the actual character of the harness received by appellant. The only issue was the question of appellant's knowledge of its character in that regard. Other criticisms made of Instruction 3, either have already been considered in connection with Instructions 1 and 2, or they are too trivial to deserve consideration.

Instruction 4 covered the subject of the good character of appellant. It need not be set out, as it meets the requirements laid down in decisions of this court for a hundred years. The objection to it has already been held to be without merit in connection with our consideration of the other instructions.

Error is predicated upon the failure of the court to instruct the jury that the naked possession of the harness by appellant raised no presumption that appellant knew it was stolen. Appellant failed to prepare and submit such an instruction. The subject of the instruction complained of would have been a collateral matter and no error was committed by the failure of the court itself to prepare and give one for appellant. [State v. Simon, supra.]

Appellant complains of error in the admission of proof of the finding of an automobile tire hidden in his barn loft upon an alleged second search of his premises. He has failed to point out the place in the record where the point was raised below. We fail to recall the incident after a careful reading of the record and must decline to re-read 'the voluminous record for the purpose of hunting it out for ourselves.

It is the duty of counsel to indicate where challenged rulings appear

in the record. Besides, appellant 'admitted the purchase of one automobile tire from Luther.

Complaint is made of the admission of testimony that harness found in appellant's possession had been identified as the harness stolen from Keeney, because such testimony was hearsay and not direct testimony of such fact. Counsel has failed to point out where such ruling occurred or even to indicate what witness was on the stand at the time. Again we must decline to search the entire record to see if there is merit in the assignment. Even if such testimony was improperly admitted, appellant was not prejudiced thereby. The only defense made was want of knowledge that the harness was stolen and not as to its identity. Other complaints as to improper reception of testimony cannot be noticed because the ruling in the record is not pointed out in appellant's brief.

Appellant contends that the trial court erred in permitting the prosecuting attorney in his closing argument to tell the jury that the possession of property recently stolen raises the presumption that the possessor is the thief. We have carefully examined the record covering the matter.

The court told the jury that "there is no such presumption in law," and thereby sustained the contention of appellant. In saying "whether there is any such presumption, little or much, as a matter of argument is for the jury to pass upon." The court evidently meant inference of fact, instead of "presumption." The trial judge had just correctly ruled that the possession of stolen property raised no presumption of law that the possessor was a thief. [State v. Swarens, 294 Mo. 139, 241 S. W. 934.] The jury could not have misunderstood the court's ruling, even though the language of the ruling was ambiguous. No objection was made on the ground that the jury could not infer that one in possession of stolen property soon after its theft was a receiver of said property knowing it was stolen. There was no substantial merit in the assignment.

Appellant also complains of the following ruling of the court during the prosecuting attorney's closing argument:

"The defendant objects and excepts to the argument of the prosecuting attorney in the closing argument, 'His family ought to have been looking out for him long ago,' because it has a prejudicial and inflammatory influence on the jury. There are no facts and circumstances in evidence to warrant the statement at all and I ask the court to instruct the jury to disregard it and instruct counsel to confine himself to remarks that are in the record.; further because it is unverified in the case and the facts and circumstances in the evidence do not warrant it.

"The Court: The court will simply direct the counsel to keep within the evidence."

The portion of the argument quoted suggests that it was made in response to some appeal to the jury for sympathy for appellant on

account of his family. Appellant's argument does not appear. The trial judge heard it all and saw fit to do nothing more than to admonish the prosecuting attorney to keep within the evidence. We are unable to see how appellant could have been improperly prejudiced by the argument made.

The last assignment, which we deem it necessary to notice, is that the verdict was special in form and did not make a finding upon all issues in the case. It was as follows: "We, the jury, find the defendant guilty of receiving stolen property worth over thirty dollars, knowing it was stolen, and assess his punishment at imprisonment in the penitentiary for two years." Appellant argues that the verdict in this form is insufficient to support the judgment because the jury did not find that appellant received property stolen from Keeney.

Section 3331, Revised Statutes 1919, provides that "every person who shall buy, or in any way receive, any goods . . . that shall have been stolen from another, knowing the same to have been so . . . stolen, shall, upon conviction, be punished," etc.

While the statute uses the term "stolen from another," the word "stolen" embodies the whole idea contained in such term. A person cannot steal anything except from another. The identity of the owner of the stolen goods is not within the reasonable intendment of the statute as an essential element of the crime of receiving stolen goods. Such essential elements are a previous larceny of the goods, reception thereof by the accused and knowledge on his part of their stolen character at the time he received them. The element of value is also important, but only in classifying the offense as a felony or as a misdemeanor. We think the verdict made a sufficient finding upon each of the foregoing essential elements of the crime.

In State v. Jordan, 285 Mo. 62, 225 S. W. 905, WALKER, J., said:

"It is a wholesome precept that verdicts should be given a reasonable intendment and a like construction; and are not to be avoided unless it is evident they will work manifest injustice. [State v. Grossman, 214 Mo. 233; Welch v. State, 50 Ga. 128; Arnold v. State, 51 Ga. 144.]"

By Instruction 1 the court told the jury that if it found "that the harness described in the information was stolen from J. R. Keeney;" that appellant bought or received the harness in Cass County, Missouri, and knew the harness was stolen and was worth over thirty dollars "then you will find him guilty *of receiving stolen property worth over thirty dollars, knowing it was stolen*," etc. The words we have italicized were copied bodily into the verdict and clearly indicate that in rendering such verdict the jury found that appellant received the property stolen from Keeney. Appellant's challenge of the legal sufficiency of the verdict must be overruled.

We have carefully gone over the voluminous record and are unable to find that any reversible error was committed against appellant.

The jury was authorized to accept the testimony of the thief, Luther, and having accepted it as true, the verdict of guilty was fully warranted and should not be disturbed.

The judgment is affirmed. All concur.