Argued September 14; affirmed September 20, 1938

## STATE *v.* ALBERT

(82 P. (2d) 689)

In Banc.

668

*Irvin Goodman*, of Portland, for appellant.

*Clarence A. Potts*, Deputy District Attorney, of Portland (James Bain, District Attorney, of Portland, on the brief), for the State.

KELLY, J. Two questions are sought to be presented by this appeal: (1) Whether in cases of this character, it is error to receive in evidence testimony to the effect that about three weeks subsequent to the date of the alleged commission of the crime charged, defendant received stolen property knowing the same to have been stolen by the same persons from whom it is claimed by the state defendant received the property mentioned in the indictment; and (2) whether error was committed in giving the state's fourth requested instruction, which is as follows:

"You are instructed that although the indictment charges that the defendant bought, received, had and concealed certain property, it is not necessary for the State of Oregon to prove all of these means, and it is sufficient to warrant a finding of guilty as charged in the indictment if the state proves beyond a reasonable doubt that the defendant either bought, or received, or had, or concealed the property as charged in the indictment."

■ Upon the first question we think that the better reasoning and the weight of authority are adverse to defendant's position. Among authorities supporting the state's contention are: *State v. Goldstein*, 111 Or. 221 (224 P. 1087); *State v. Park*, 322 Mo. 69 (16 S. W. (2d) 30); *State v. Baker*, 84 W. Va. 151 (99 S. E. 252); *Jeffries v. United States*, 7 Ind. T. 47 (103

S. W. 761); *People v. Weisenberger*, 73 App. Div. 428 (77 N. Y. S. 71); *Mehlman v. State*, 92 Tex. Cr. Rep. 557 (224 S. W. 602); *Heglin v. State*, 56 Okla. Cr. App. 364 (40 P. (2d) 41); *State v. Ray*, 209 N. C. 772 (184 S. E. 836); *State v. Keays*, 97 Mont. 404 (34 P. (2d) 855); *State v. Cohen*, 254 Mo. 437 (162 S. W. 216, Ann. Cas. 1915C, 86); *Goldsberry v. State*, 66 Neb. 312 (92 N. W. 906); Wigmore on Evidence (2d Ed.) Vol. 1, § 325.

The authorities to which our attention has been called supporting defendant's position are: *Bismark v. The State*, 45 Tex. Cr. Rep. 54 (73 S. W. 965); *Dampier v. State*, 191 Ind. 334 (132 N. E. 590); *Poon v. State*, 120 Tex. Cr. Rep. 522 (48 S. W. (2d) 307); *Rex v. Head*, (1903) Vol. 67 J. P. (Eng.) 459; *People v. Willard*, 92 Cal. 482 (28 P. 585); *State v. Moxley*, 41 Mont. 402 (110 P. 83); *The People v. Baskin*, 254 Ill. 509 (98 N. E. 957); *People v. Lindley*, 282 Ill. 377 (118 N. E. 719).

With reference to the foregoing authorities, we are indebted not only to the diligence of counsel but also to an exhaustive annotation to the case of *People v. Marino* appearing in Vol. 105, American Law Reports annotated, p. 1288, et seq.

Defendant cites *State v. Baker*, 23 Or. 441 (32 P. 161); *State v. O'Donnell*, 36 Or. 222 (61 P. 892) and *State v. Stacey*, 153 Or. 449 (56 P. (2d) 1152). The first two of these three cases deal with the exception to the general rule that evidence of other crimes than that charged in the indictment is inadmissible. The Baker case illustrates the exception, while in the O'Donnell case the general rule was applied.

In his opinion in *State v. Stacey*, supra, Mr. Justice BAILEY clearly stated the distinction between that case and *State v. Goldstein*, supra, and other cases, where

evidence of prior and subsequent transactions involving other crimes was received.

On the hearing in this court, special stress was placed by defendant upon the Texas case of *Bismark v. State*, supra. In the same jurisdiction, the subsequent case of *Mehlman v. State*, supra, declines to follow its doctrine. In the case of *Poon v. State*, supra, the holding in *Bismark v. State* is quoted and applied. In the Poon case, a reversal was ordered because of the admission of testimony to the effect that approximately one month after the crime charged, a similar transaction occurred between defendant and the thieves.

In *People v. Willard*, supra, the California court say:

"There is no doubt that, when a defendant is shown to have received stolen goods from a thief, evidence of previous dealings with the thief in like transactions is competent to show that defendant at the time knew that the property had been stolen; but we have been cited to no authority, and we know of none, which holds that evidence of subsequent dealings is admissible."

That decision was rendered on December 28, 1891. It will be noted that at that time the California court was without the advantage of the subsequent cases hereinbefore cited, which we think establish the opposite rule to that declared in the Willard case.

In the Montana case of *State v. Moxley*, supra, the holding upon the point under discussion is dictum because there the similar transactions involved occurred prior to the crime charged.

In Illinois, the law must be regarded "as settled by repeated decisions, that in prosecutions for receiving stolen property, to show guilty knowledge, it is competent to prove that the accused had on other occasions

prior to the offense charged received stolen property from the same thieves, and when such former transactions are proved it is admissible to prove subsequent transactions between the same parties, as tending to show a continuous practice of dealing with thieves and the accused's knowledge the property was stolen." *People v. Gotler*, 311 Ill. 387 (143 N. E. 63).

The English case of *Rex v. Head*, supra, involves the construction of a statute which is as follows:

"Where proceedings are taken against any person for having received goods knowing them to be stolen, or for having in his possession stolen property, evidence may be given at any stage of the proceedings that there was found in the possession of such person other property stolen within the preceding period of twelve months, and such evidence may be taken into consideration for the purpose of proving that such person knew the property to be stolen which forms the subject of the proceedings taken against him." Prevention of Crimes, Act. 1871, (34 & 35 Vict. c. 112.) s. 19.

The deputy chairman held that the period of twelve months mentioned in the statute were the twelve months prior to the receipt by defendant of the goods in suit and not the twelve months interval preceding the finding of the property charged to have been received. It is needless to say that Oregon has no such statutory provision.

In the Oregon case of *State v. Goldstein*, supra, the subsequent transaction, concerning which testimony was received, occurred three days after the crime charged in the indictment, while in the case at bar the interval was about three weeks and two days.

In the Nebraska case of *Goldsberry v. State*, supra, the court say:

"It is next argued that the trial court erred in admitting evidence of the receipt by the defendants from the witness White of other stolen horses subsequent to the time of the alleged receipt of the property described in the information, for the receipt of which the defendants were on trial. It was made to appear from White's testimony that he had had several transactions with the defendants after his meeting with them in September, 1900, in which he had delivered to them, and they had received, other property which it is claimed he had stolen. Some of these transactions occurred before and some after the time of the alleged receiving of the stolen horses described in the information, and in time were all related to the main transaction, within a period of two or three months. All these transactions were apparently consummated in pursuance of the plan and arrangement made by the witness and the defendants at their September meeting. We can conceive of no logical reason for distinguishing those transactions subsequent to the main one from the one occurring before that time. They all bear the same relation to the principal transaction. If one offense has a logical connection with the principal one for the purpose of establishing guilty knowledge of the offense charged in the information, then all others have, whether occurring before or subsequent to that time. They are all closely related, and only in time, but in the circumstances surrounding each of them, and there is a marked similarity of one with the other. If the offense for which the defendants were tried had been the first of a series of transactions, instead of an intermediate one, as it appears to be, there could scarcely be any doubt of the right of the prosecution to introduce testimony of the subsequent transactions, in order to show guilty knowledge on the part of the defendants when they received the stolen property in the first transaction. 'It is immaterial,' says Mr. Underhill, in his Criminal Evidence (section 88), 'at least where the evidence of another crime is offered to show guilty intent or knowledge, that the other crime was committed before or after the crime for which the accused is on

trial.' Says the New York court, 'On the trial of a person charged with receiving stolen goods, it may be shown that before and after the time of the alleged crime he received other stolen goods from the same party.' People v. Shulman, reported in note to Mayer v. People, 80 N. Y. 373, and cases there cited. See, also, Williams v. People (Ill.) 46 N. E. 749.

"It was not error to admit evidence of the subsequent transactions between the witness White and the defendants, related as they were to the principal offense charged, as to time and circumstances, as closely as those occurring prior thereto."

■ As to the second question, that is, whether error was committed by giving the state's fourth requested instruction, as above set out, defendant urges that the instruction fails to include guilty knowledge and fails to include the other material allegations which, taken together, comprise the offense of receiving stolen property.

It is true that in said requested instruction there is no specific elaboration as to the meaning of the phrase in the indictment: "he, the said Morris Albert, then and there well knowing and having reason to believe the said property to have been stolen;" and neither is there any amplification of the law of venue or limitation. There is, however, an express limitation in the instruction restricting a finding of guilty to the contingency that "the state proves beyond a reasonable doubt that the defendant either bought, or received, or had, or concealed the property *as charged in the indictment*." [Italics supplied.]

The charge in the indictment in respect to venue, limitation, identity of property, ownership of property, the larceny thereof and knowledge by defendant that it was stolen property, is specifically explained and elucidated by other instructions given by the trial judge.

It would have been confusing to repeat instructions upon all elements of the crime in each instruction. No error was committed by giving the instruction first hereinabove quoted.

■ The first question here discussed has been presented by means of an objection to that part of the state's opening statement wherein the jury were told that the state would offer evidence of subsequent transactions similar to that charged in the indictment.

We have seen fit to pass upon the propriety of receiving such testimony and have held it to have been properly admitted. By this, it is not intended, that merely because an attorney, in his opening statement, asserts that he will offer proof of a certain state of facts and upon attempting to do so, is prevented by an adverse ruling of the trial court, we would hold that error was thereby committed. On the contrary, if the question of its admissibility is a close one and the attorney making the statements acts in good faith, error cannot be predicated upon the mere making of the statement to the jury. The reasonable interposition of motions for dismissal and for directed verdict does not necessarily overcome the effect of the failure to object to the introduction of such testimony when offered.

Finding no error in the record, the judgment of the circuit court is affirmed.

LUSK, J., not sitting.