STATE of Missouri, Respondent,

v.

Orville Lee RIDINGER, Appellant.

No. 10965.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 11, 1979.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Oct. 31, 1979.

Application to Transfer Denied
Dec. 6, 1979.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Steven W. Garrett, Asst. Attys. Gen., Jefferson City, for respondent.

J. Kevin Checkett, Carthage, for appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of the felony (§ 560.161(2) RSMo 1969) of receiving a stolen Sparkomatic citizens band radio (C.B.) of the value of at least $50. § 560.-270 RSMo 1969. Pursuant to the verdict, defendant was committed to the Department of Corrections for a term of five years. Defendant appealed.

Section 560.270 provides: "Every person who shall buy, or in any way receive, with intent to defraud, any property that shall have been stolen from another, knowing the same to have been stolen, shall, upon conviction, be punished in the same manner and to the same extent as for the stealing of the property so bought or received."

■ We are required, in our appellate review of the cause, to recast the pertinent facts in evidence and the inferences that may be reasonably drawn therefrom in the light most favorable to the state. Evidence and inferences in conflict therewith will be ignored. *State v. Zimpher*, 552 S.W.2d 345, 346[1] (Mo.App.1977). When so recast, the evidence for consideration appears as follows.

State witnesses Taylor and Simon testified, inter alia, that they stole two C.B.'s (one a 40 channel Sparkomatic and another of a different brand) from vehicles parked "across the street" from Taylor's apartment in Joplin and sold them to defendant, along with other goods, for $90. The sale was effected per defendant's previous inquiry of Taylor "if I knew anybody that had any stolen goods that he could buy [and] that he would take C.B.s, smoke alarms, matching hub caps and . . . [t]ape players." Subsequent to consummation of the sale, and acting upon information provided by the admitted thieves and with their assistance, Joplin police arrested defendant while he was operating his pickup truck in which was installed a Sparkomatic C.B. Taylor and Simon asseverated the recovered C.B. "looks like the one" or "looks like that one" they had stolen and sold to defendant.

As concerns us here, the information charged that defendant "did wilfully, unlawfully and feloniously with the intent to defraud, receive a C.B. radio . . . *the goods, and personal property of Don Heerman*, the said property having previously been stolen . . . with the felonious intent on the part of the thief to permanently deprive the owner of the use thereof . . . ." (Emphasis supplied). The majority of defendant's points relied on upon this appeal concern the inability of Don

Heerman, as a state's witness, to positively and independently identify the C.B. recovered from defendant's vehicle as being the one stolen from him without allegedly resorting to hearsay and violating the best evidence rule. Defendant also claims that Instruction No. 4 (MAI–CR 7.78) was erroneous for failing to describe Don Heerman as the owner of the stolen C.B., as was done in the italicized portion of the information, supra.[1]

■ "The essential elements of the offense of receiving stolen property are (1) the property must be 'received in some way' from another person; (2) the property at the time of reception must be stolen property; (3) the receiver, at the time of reception, must have guilty knowledge that it is stolen property, and (4) the accused must have received the property with a fraudulent or criminal intent. *State v. Kelly*, 365 S.W.2d 602[7] (Mo.1963)." *State v. Armstrong*, 555 S.W.2d 640, 642[1] (Mo.App. 1977). As shown by the foregoing and recognized by reported authority, "[t]he offense [condemned by § 560.270] is to receive stolen property, knowing it to have been stolen" [*State v. Derrington*, 137 S.W.2d 468, 471 (Mo.1940)] and "[t]he identity of the owner of the stolen goods is not within the reasonable intendment of the *statute* as an essential element of the crime of receiving stolen goods." *State v. Park*, 322 Mo. 69, 85, 16 S.W.2d 30, 35[21] (1929); *State v. Brown*, 332 S.W.2d 904, 908 (Mo.1960); *State v. Cohen*, 100 S.W.2d 544, 548[9] (Mo. 1936). "The ownership of the property previously stolen and received by the accused is not made an element of the offense defined in Section 560.270. It may be that evidence of ownership will establish proof of some essential element, but, an allegation of ownership is not essential to a charge by indictment [or information] of this statutory of-

fense when the indictment [or information] otherwise sufficiently describes the property . . . ." *State v. Simone*, 416 S.W.2d 96, 99[4, 5] (Mo.1967). Consequently, where it is unnecessary to allege the ownership of property, if the averred owner is named in the information, a variance between the averment and the proof is immaterial. 76 C.J.S. Receiving Stolen Goods § 16 d., at p. 30. Therefore, reference in the information that the stolen C.B. was "the goods and personal property of Don Heerman" was unnecessary and could properly be disregarded as surplusage. *State v. Rapp*, 412 S.W.2d 120, 123[5] (Mo.1967); *State v. Lee*, 404 S.W.2d 740, 751[29] (Mo.1966). Defendant was not entitled to a court-acquittal on the theory that the cause could proceed to jury determination only if the state properly proved the stolen C.B. belonged to Heerman. *State v. Goff*, 490 S.W.2d 88, 90[1] (Mo.1973). Whether the objected-to testimony of Heerman was rightly or wrongly admitted is of no moment, for if it was wrongly admitted it was harmless error as it had no relevancy to the ultimate issue in the case, which was whether defendant bought stolen property without regard as to who owned it. The information averment and the testimony relative thereto were unnecessary and surplusage. *State v. Wilson*, 286 S.W.2d 756, 757–758[4] (Mo.1956). As, minus the surplusage, there was no variance between the information and the proper evidence, there was no error in giving Instruction No. 4 in the form mandated by MAI–CR 7.78. *State v. Taggert*, 443 S.W.2d 168, 175[13] (Mo.1969).

■ Defendant further suggests error occurred relative to State's Exhibit No. 1 (the C.B. in question) because of the inability of Taylor and Simon, the admitted thieves, to identify the Sparkomatic C.B. as the item they had stolen and sold to defendant. Although Taylor and Simon admittedly had *not recorded or specifically noted the*

1. Instruction No. 4 (MAI–CR 7.78), in part, reads: "If you find and believe from the evidence beyond a reasonable doubt: First, that on or about September 1, 1977 in the County of Jasper, State of Missouri, the defendant bought a C.B. radio, and Second, that the property was of at least the value of fifty dollars, and Third, that the property had been stolen from another, and Fourth, that at the time the defendant bought said property, the defendant knew that the property had been stolen, and Fifth, that the defendant bought such property with the intent to defraud another of his lawful interest therein, then you will find the defendant guilty of buying stolen property. . . . "

serial number of the C.B. and could not make positive identification of the exhibit, each testified it "looked like the one" or "looked like that one" they had purloined and peddled to defendant. The identification of an item at trial need not be entirely unqualified, as the weight to be given to identity is for the jury. *State v. Stancliff,* 467 S.W.2d 26, 30[2] (Mo.1971); *State v. Holman,* 556 S.W.2d 499, 504[4] (Mo.App. 1977). Testimony concerning an exhibit that it "looks like", "looks familiar", "very much like", "very similar", etc., to an involved object, has been held sufficient to warrant its admission into evidence. *State v. Kern,* 447 S.W.2d 571, 574–575[3, 4] (Mo. 1969); *State v. Johnson,* 286 S.W.2d 787, 791[3, 4] (Mo.1956); *State v. Shipman,* 568 S.W.2d 947, 953–954[13, 14] (Mo.App.1978); *State v. Duncan,* 540 S.W.2d 130, 137[19] (Mo.App.1976); *State v. Gonzales,* 533 S.W.2d 268, 274[13] (Mo.App.1976); *State v. Alderman,* 498 S.W.2d 69, 72 (Mo.App.1973).

■ Defendant's final point relied on, in substance, contends the information was "fatally defective . . . for insufficiently describing the property alleged to have been stolen in that the mere words 'a C.B. radio . . . the goods and personal property of Don Heerman' did not adequately describe the property so as to avoid further prosecution or allow appellant to prepare his defense."

In *State v. Rose,* 428 S.W.2d 737, 741–742[7, 8] (Mo.1968), the information charged that defendant did "willfully, unlawfully and feloniously and burglariously, forcibly break and enter a certain store . . ., the property of Raymond Wright, d/b/a Wright's Jewelry, with the felonious and burglarious intent to steal, take and carry away *certain goods, wares, merchandise or personal property* then and there kept and deposited in the said building and that [defendant] did then and there feloniously and burglariously *steal, take and carry away the said goods, wares, and merchandise,* personal property of Raymond Wright with the felonious intent then and there to deprive the owner of the use thereof and to convert the same to his own use." (Emphasis supplied). While admitting the information could have been more specifically drawn to better identify the "goods, wares, merchandise and/or personal property," the Supreme Court ruled it sufficient in absence of any effort on defendant's part, under Rule 24.03, V.A.M.R., to obtain a bill of particulars. It appears that the allegation in the instant case that defendant received a stolen "C.B. radio" is more particular and descriptive of the property involved than the description employed in *State v. Rose.*

■ Defendant did not challenge the sufficiency of the information below; neither did he seek a bill of particulars. We find the information sufficient. A bill of particulars under Rule 24.03 is required when necessary to enable defendant to prepare adequately for trial [*State v. Kesterson,* 403 S.W.2d 606, 611[5] (Mo.1966); *State v. Pulis,* 579 S.W.2d 395, 397–398[5] (Mo. App.1979); *State v. Davis,* 510 S.W.2d 790, 792[4] (Mo.App.1974)] or where it is necessary to constitute a bar to a subsequent prosecution. *State v. Mace,* 357 S.W.2d 923, 926 (Mo.1962); *State v. Cox,* 352 S.W.2d 665, 672[16] (Mo.1961). Defendant's failure to file a motion for a bill of particulars waived his right to complain of the lack of detail which he now asserts.

Judgment affirmed.

All concur.