**UNITED STATES of America,**
**Appellee,**

v.

**THOMPSON–HAYWARD CHEMICAL**
**COMPANY, Appellant.**

**No. 20572.**

United States Court of Appeals,
Eighth Circuit.

Aug. 10, 1971.
Rehearing and Rehearing En Banc
Denied Sept. 22, 1971.

Donald F. Martin, William H. Sanders, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo., for appellant.

Vernon A. Poschel, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before MEHAFFY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This is a direct criminal appeal from a conviction of Thompson-Hayward Chemical Company under a two-count indictment which charged Thompson-Hayward with knowingly violating I.C.C. regulations relating to the proper preparation of shipping papers and requiring the use of an exterior warning placard on a shipment of battery acid, both in violation of 18 U.S.C. § 834. We reverse and remand for a new trial.

Most of the facts were stipulated by the parties. Thompson-Hayward, through their officers and employees, were aware of the regulations in question, knew that they had the duty to placard the truck and prepare the shipping documents accordingly and acknowledged that this had not been done in this case. The driver of the truck acknowledged that he knew that the truck contained battery acid, knew that he was required to placard the truck and that he had on previous occasions applied the placard

under similar circumstances. The warehouse superintendent who was charged with supervising shipping and loading procedures knew of the regulation relating to the shipping documents, knew that Thompson-Hayward was required to describe the battery acid thereon as "Battery Electrolyte", and acknowledged that on this occasion the proper description was not used.

The only issue in dispute at the trial was whether Thompson-Hayward's failure to comply with the regulations was "knowingly" done. Both the truck driver and the warehouse superintendent testified that their failure to placard the truck and properly prepare the shipping documents resulted from inadvertence or mistake, and that the failures were not intentional or deliberate. Thus it was necessary for the jury to decide, under proper instructions, whether these failures were "knowingly" done.[1]

The trial court instructed the jury concerning this point as follows:

"The definition which is ordinarily approved of for 'negligently' is an act is knowingly done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reasons. Now, in this connection, I want to explain to you that these offenses, defined by these laws, are laws which impose a duty upon people doing certain acts, that is in this case, hauling corrosive liquid. And the law imposes a criminal penalty for inaction, that is, for failing to positively act when there is a duty imposed to act, they impose a criminal penalty for failure to act. What was the duty imposed by this section? To put placards on the truck, and the law says there is a criminal penalty if you fail to do so. It also imposes a penalty for neglect. A law requires care,

that is care in filling out these shipping papers, and it should be done with care. The law says there shall be a criminal penalty if it is done neglectfully. The violation of such regulations as these are such that they result in no direct or immediate injury to persons or property, but they merely create the danger or probability of such injury and, of course, this law seeks to minimize that danger or probability of such an injury. For this reason, whether the violator acts or fails to act with criminal intent or without criminal intent makes no difference, because injury to the public is just the same regardless of the violator's intent, that is his specific intent to violate the law. And, therefore, he's guilty of violation of the law whether he has a specific criminal intent or not.

"The Court instructs you that you do not have to find under the definition of the word 'knowingly' that the failure to place placards on the truck was done with a specific intent to violate the law, but the government must prove, beyond a reasonable doubt, to your satisfaction, in order to prove the act was knowingly done and not done by mistake and intent is that the defendant did have knowledge that it was transporting corrosive liquids which required a placard and did have knowledge that there was no placards on the truck. In other words, what I am telling you is that it is no defense, as a matter of law in this case, to say that defendant's employee, who had this knowledge, had a sudden instance of forgetfulness and therefore did not knowingly violate the law.

"In regard to the shipping paper or sales order, which admittedly did

---

1. The statute under which defendant was charged is 18 U.S.C. § 834(f), which provides as follows:

"Whoever knowingly violates any such regulation shall be fined not more than $1,000 or imprisoned not more than one year, or both; and, if the death or bodily injury of any person results from such violation, shall be fined not more than $10,000 or imprisoned not more than ten years, or both. June 25, 1948, c. 645, 62 Stat. 739; Sept. 6, 1960, Pub.L. 86–710, 74 Stat. 810."

not describe the battery electrolyte by name, required by law as an acid and so forth, again this is the type of offense where the law imposes a duty of care and a violation of this through neglect, carelessness or inattention does not require proof by the government of a specific criminal intent to violate the law."

Thompson-Hayward contended at the trial and on appeal that this instruction was improper and constituted reversible error. We agree.

The Supreme Court of the United States has interpreted this statute in its present form twice within the past twenty years. In Boyce Motor Lines v. United States, 342 U.S. 337, 342, 72 S.Ct. 329, 332, 96 L.Ed. 367 (1952), the Court stated as follows:

"The statute punishes only those who knowingly violate the Regulation. This requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument that application of the Regulation would be so unfair that it must be held invalid. That is evident from a consideration of the effect of the requirement in this case. To sustain a conviction, the Government not only must prove that petitioner could have taken another route which was both commercially practicable and appreciably safer (in its avoidance of crowded thoroughfares, etc.) than the one it did follow. It must also be shown that petitioner knew that there was such a practicable, safer route and yet deliberately took the more dangerous route through the tunnel, or that petitioner willfully neglected to exercise its duty under the Regulations to inquire into the availability of such an alternative route." (Footnotes omitted.)

In United States v. International Minerals & Chemical Corp., 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971), the Supreme Court determined that actual knowledge of the regulation is not neces-

sary, but left undisturbed the requirement of Boyce Motor Lines, supra, that the Government must prove that the defendant "deliberately" or "willfully neglected" to do the acts made necessary by the regulation.

Neither of these cases, nor any of the other cases cited by either party deal directly with the question presented here involving a defendant who knows of the regulation, knows the shipment he is carrying requires him to act, but who claims he unintentionally neglected to comply. We are satisfied that if this case had been tried to the court without a jury, the evidence was sufficient under Boyce Motor Lines and International Minerals, supra, to sustain a conviction. But since it was tried to a jury, we must determine whether that jury reached its decision after being correctly instructed by the court.

The general rule is that instructions should be construed as a whole and individual sentences should be considered in the light of the entire charge. Bennett, Trustee v. First National Bank of Humboldt, Iowa, 443 F.2d 518 (8th Cir. 1971); Flentie v. American Community Stores Corp., 389 F.2d 80 (8th Cir. 1968); Town of Radcliffe, Iowa v. Carroll, 360 F.2d 321 (8th Cir. 1966); Walton v. Eckhart, 354 F.2d 35 (8th Cir. 1965); Baker v. United States, 115 F.2d 533, 541 (8th Cir. 1940). In this case the instruction mistakenly starts out using the word "negligently" rather than "knowingly" as the word to be defined and later refers to (1) "a penalty for neglect"; (2) "[t]he law says there shall be a criminal penalty if it is done neglectfully"; and (3) "the law imposes a duty of care and a violation of this through neglect, carelessness or inattention does not require proof by the government of a specific criminal intent to violate the law." (Emphasis supplied.) This instruction, read as a whole, could easily give the jury the impression that no proof of intent or willful neglect was necessary and that it was a situation in

which the statute imposed strict liability.[2]

In reciting the legislative history of this section of the statute, the Supreme Court stated: "[i]t is clear that strict liability was not intended." United States v. International Minerals & Chemical Corp., *supra*.

Our conclusion is that the questions of whether Thompson-Hayward "knowingly" transported a corrosive liquid by motor vehicle without that vehicle being lawfully placarded and without that liquid being properly described on the shipping paper should have been decided by the jury under instructions which clearly indicated that the Government had to prove beyond a reasonable doubt that defendant's actions were *deliberate* or the result of *willful* neglect. The instruction given, read as a whole, does not accomplish this purpose.

We therefore, reverse and remand this case for new trial.

Roger S. Hanson, Woodland Hills, Cal., for petitioner-appellant.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., Richard P. Hemar, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS, BROWNING, and DUNIWAY, Circuit Judges.

---

2. *Cf.* Riss & Company v. United States, 262 F.2d 245, 248 (8th Cir. 1958), wherein the Court states: "From decisional law, the principle emerged that determination of the meaning of those words [knowingly and willfully] rested upon the character of the offense charged." In that case, based upon a different section of the statute, our Court quoted St. Louis & S. F. R. Co. v. United States,

169 F. 69, 71 (8th Cir. 1909), as follows:
"'So, giving effect to these considerations, we are persuaded that it means purposely or obstinately and is designed to describe the attitude of a carrier, who, having a free will or choice, *either intentionally disregards the statute or is plainly indifferent to its requirements.*' (Emphasis added.)"