UNITED STATES of America, Appellee,

v.

John MASSAROTTI et al., Appellants.

Nos. 786, 824, Dockets 71-1963, 72-1446.

United States Court of Appeals, Second Circuit.

Argued May 23, 1972.

Decided June 21, 1972.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Theodore Krieger, New York City, for appellant Massarotti.

Albert J. Brackley, Brooklyn, N. Y., for appellant Legari.

Phylis Skloot Bamberger, New York City (Robert Kasanof, The Legal Aid Society, New York City, on the brief), for appellant Burken.

Anthony T. Accetta, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty. for Eastern District of New York, David G. Trager, Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY, Chief Judge, and FEINBERG and TIMBERS, Circuit Judges.

FEINBERG, Circuit Judge:

John Cosmo Legari and John Massarotti appeal from judgments of conviction entered in October 1971 in the United States District Court for the Eastern District of New York after a jury trial before Judge John R. Bartels. Appellants were found guilty of knowingly receiving and having in their possession stolen merchandise in violation of 18 U.S.C. §§ 659 and 2.[1] Legari was sentenced to two years imprisonment, Massarotti, to imprisonment for 18 months. The only issue raised by appellants is the alleged insufficiency of the evidence with respect to the elements of possession and knowledge. We affirm the convictions.

On the afternoon of October 9, 1969, two FBI agents, Edward J. McGoey and

1. A directed verdict of acquittal was entered in favor of defendant Swift A. Willis. Defendant Anthony H. Burken, who was arrested while behind the wheel of the truck loaded with the stolen merchandise, also appealed. However, counsel for Burken was relieved by this court after filing a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Burken's appeal was dismissed as involving no non-frivolous issues.

James F. Ahearn, were driving past a small, fenced lot located at 1919 Utica Avenue, Brooklyn, New York. The agents saw an Associated Transport Co. trailer in the lot, parked between two older, possibly abandoned trailers. A truck with a "Brothers Truck Rental" sign was also in the lot, parked back-to-back with the Associated trailer. Another truck was parked on the street, blocking the lot's only entrance. The agents thought it unusual for an Associated trailer to be in such a location, so they stopped their car; a subsequent radio check disclosed that the trailer had been stolen two days earlier in New Jersey. Approximately 25 yards from the entrance of the lot, the agents began a surveillance which lasted about an hour. At the outset, Agent McGoey left the car and walked "casually" past the lot. He heard thumping coming from inside the Associated trailer and the Brothers truck. The noise sounded like men transferring the trailer's load to the truck. At about 4:30 p.m., when the Brothers truck began to move, the agents arrested appellants and the two other defendants referred to in note 1 above.

■ The Government points out that the small lot at 1919 Utica Avenue was hardly a freight terminal or any other place where lawful transfers of goods were likely to occur. Nonetheless, it is clear that evidence showing only appellants' presence in that lot along with the stolen merchandise there is insufficient to establish unlawful "possession" of that merchandise. See United States v. Romano, 382 U.S. 136, 141, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); United States v. Vilhotti, 452 F.2d 1186, 1188–1189 (2d Cir.1971); United States v. Kearse, 444 F.2d 62 (2d Cir.1971); United States v. Casalinuovo, 350 F.2d 207, 209–210 (2d Cir.1965). However, the evidence in this case, which we must view in the light most favorable to the Government, shows much more than bare presence.

■ Legari was arrested by Agent Ahearn while he was closing a rear side door of the Brothers truck. The truck was filled with merchandise transferred from the Associated trailer. Just as Legari was arrested he said to Ahearn: "You don't want me. I just got here in a cab about five minutes ago. Didn't you see me?" In his prior surveillance Ahearn had not seen Legari arrive, nor did either agent see any vehicle stop and let anyone off at the lot. This false exculpatory statement, coupled with Legari's being caught in the act of closing the "switch truck's" door, is evidence of more than unknowing presence, and, taken together with the other circumstantial evidence, is sufficient to sustain Legari's conviction for knowing possession of the stolen merchandise.

■ Massarotti fares no better. The evidence indicates that he walked from the lot to the truck that was blocking the entrance to the lot and entered the truck's cab. Simultaneously, the Brothers truck (the "switch truck") began to move from the lot. At that point the arrests were made. Massarotti owned the truck he was arrested in, and from the evidence, the jury could have concluded that Massarotti either borrowed or stole the Brothers truck.[2] Further, since merchandise was still left in the Associated trailer, the jury could reasonably infer that Massarotti's truck was destined to be loaded with the trailer's remaining goods. Finally, admissions by Massarotti were introduced. These statements were to the effect that someone approached him in Manhattan and offered him $100 to take a truck over to 1919 Utica Avenue and there "transfer the contents of a trailer," and that Massarotti thought that "everything might not be all right" with the goods. The jury was certainly entitled to take Mas-

2. Massarotti admitted to an FBI agent that he had asked "an individual by the name of Dominick . . . if he could borrow a truck to take to Brooklyn." Dominick Cavalieri testified for the Government that he knew Massarotti "from down at the [meat] market," that Cavalieri used the Brothers truck intercepted at the lot in his business, and that he did not loan the truck to Massarotti.

sarotti at his word and to infer that he was in fact helping to transfer the stolen goods in the Associated trailer at the time of his arrest. In sum, there was again much more here than mere presence.

Without getting into the controversy over the proper standard of review to test the sufficiency of evidence in this criminal case, see United States v. Iannelli, 461 F.2d 483, 486 n.4 (2d Cir. 1972), we hold that under any of the formulations this court has used, there was sufficient evidence against both Massarotti and Legari for the jury to find knowing possession of the stolen merchandise.

Judgments affirmed.