**UNITED STATES of America,**
**Appellee,**

v.

**James Matthew FIELDS and William Lee Hamilton, Defendants-Appellants.**

**Nos. 902, 903, Dockets 72-1325, 72-1326.**

United States Court of Appeals, Second Circuit.

Argued July 17, 1972.

Decided Sept. 5, 1972.

Gavin W. Scotti, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E. D. N. Y.; David G. Trager, Asst. U. S. Atty., on the brief), for appellee.

Pierce Gerety, Jr., New York City (Robert Kasanof, The Legal Aid Society,

New York City, on the brief), for appellant Fields.

Richard I. Rosenkrantz, Brooklyn, N. Y., submitted for appellant Hamilton.

Before FEINBERG, MULLIGAN and OAKES, Circuit Judges.

FEINBERG, Circuit Judge:

James Matthew Fields and William Lee Hamilton appeal from their conviction in the United States District Court for the Eastern District of New York, after a jury trial before Mark A. Costantino, J., on various counts all having to do with the interstate transportation of a stolen tractor trailer containing a shipment of beef. Both appellants were convicted of unlawfully receiving and possessing the trailer in violation of 18 U.S.C. § 659, and of conspiring to violate that statute. 18 U.S.C. § 371. Fields was also found guilty of transporting in interstate commerce goods which he knew had been stolen. 18 U. S.C. § 2314. Fields received a four-year concurrent sentence on each count. Hamilton received concurrent five-year sentences. Because we find that the judge committed plain error in his charge, we must reverse for a new trial.

■■ In discussing the alleged violations of 18 U.S.C. § 659, the judge first read the indictment to the jury. This charged that both defendants, among other things, "did unlawfully receive and possess" the trailer, which contained stolen goods that both defendants "knew had been stolen." The judge went on to say that:

> In addition, the government need not prove that the defendant actually knew that it was stolen property. If the evidence, circumstantial or otherwise, tends to prove knowledge of the contents and also of the trailer itself being stolen, that would be sufficient. That is only sufficient again if you apply the rule—and I will keep repeating this because it's necessary to do so —of beyond a reasonable doubt.

This charge on an essential element of the crime—a defendant's knowledge that the goods were stolen—was inadequate and misleading. Contrary to the judge's instructions, the Government did have to prove that the defendants "actually knew" that the beef was stolen property. See United States v. Massarotti, 462 F. 2d 1328 (2d Cir. 1972); United States v. Nitti, 444 F.2d 1056, 1059 (7th Cir. 1971). And it was not "sufficient" if the evidence only "tended" to prove such knowledge. We realize that the judge may have been attempting to distinguish between direct and circumstantial evidence, or perhaps between participating in the theft of the goods or directly witnessing the theft and merely having knowledge of a theft. Only the latter, provable by circumstantial evidence, is required for conviction. But the instruction, apparently given extemporaneously, did not come out that way and was obviously confusing at best. Moreover, the judge never defined "knowledge" again although he referred to this element of the crime in explaining the remaining counts of the indictment.

In addition, the judge charged the wrong portion of section 659. In explaining the crime charged in the first count, the court read from the first paragraph of section 659. This deals with the unlawful *taking* of goods, but defendants were not charged with that crime. They were charged with unlawfully *receiving* and *possessing* stolen goods. This crime is defined in the second paragraph of section 659, which the judge did not read. Similarly, in explaining the conspiracy count the judge told the jury that the charge was that defendants had conspired to "take this property" whereas the indictment charged conspiracy to "receive and possess" the stolen goods. In addition, the court did not explain the additional degree of knowledge required for a conviction of conspiracy to violate section 659, i. e., that the Government must prove not only the defendants knew the goods were stolen but also that they knew the

goods were stolen from interstate commerce. See United States v. Vilhotti, 452 F.2d 1186, 1189–90 (2d Cir. 1971), and cases there cited.

The Government makes a manful effort to minimize the effect of these errors but its only argument of any merit is that none of the errors was called to the attention of the trial judge by defense counsel. This is, incredibly, accurate.[1] Nonetheless, we think that the cumulative effect of the errors in the charge was, in the words of Fed.R. Crim.P. 52, "plain," that it affected "substantial rights" of defendants on all counts and should "be noticed" although not raised below. United States v. Vaughan, 443 F.2d 92, 94–95 (2d Cir. 1971). We regret the need for a new trial because the evidence of the guilt of these defendants was substantial,[2] but we do not see how we can fairly follow any other course. This is not, after all, a case of nit-picking over nuances in a judge's charge; the errors go directly to a defendant's right to have the jury told what crimes he is actually being tried for and what the essential elements of those crimes are.

■■■ One further matter requires brief discussion. After this appeal was argued, counsel for appellant Fields successfully applied to us for bail. The ap-plication had first been made to the district judge immediately after sentence was imposed. According to the transcript, the judge responded:

> I never consider bail once I've sentenced a man. I don't think this is the type of case where I should set bail.

This approach is wholly improper. The Bail Reform Act of 1966 incorporates a presumption in favor of bail even after conviction

> unless the . . . judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained.

18 U.S.C. § 3148. Obviously, denial of bail after conviction is frequently justifiable, but it must be done on an individual rather than on a blanket basis, and the reasons for doing so must comport with the statute and be stated with particularity.[3]

Judgments reversed and case remanded for further proceedings consistent with this opinion.

---

1. At the end of the charge, the government attorney pointed out that "they were charged with the possession and *not* the taking." (Emphasis added.) The judge then briefly recharged the jury to the effect that the defendants were charged with both taking *and* possession of the trailer.

2. The argument of defendant Hamilton that there was *insufficient evidence to allow the jury to find that he knew the goods were stolen* is without merit.

3. Cf. F.R.A.P. 9(b), which states:
   > Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken.

   We have interpreted the Rule to mean that a statement of reasons by the trial judge given on the record and recorded in the transcript is sufficient. See United States v. Manarite, 430 F.2d 656 (2d Cir. 1970) (per curiam).