**UNITED STATES of America**

v.

**Joseph L. GALLO, Appellant.**

**No. 75–2095.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 20, 1976.

Decided Aug. 26, 1976.

Kenneth R. West, Silver Spring, Md., for appellant.

Jordan A. Luke, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Paul F. Healy, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before WRIGHT and MacKINNON, Circuit Judges, and WEIGEL,* United States

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

District Judge for the Northern District of California.

Opinion for the court filed by Circuit Judge MacKINNON.

MacKINNON, Circuit Judge:

Following a jury trial, Joseph L. Gallo (appellant) of Alexandria, Virginia, a dealer in antiques, coins and stamps (Tr. 145) was convicted of transporting in interstate commerce certain stolen gold coins of a value in excess of $5,000, *knowing the same to have been stolen*, in violation of the first paragraph of 18 U.S.C. § 2314. He appeals from the judgment of the court sentencing him to three (3) years probation and a fine of $2,000.

## I. THE ADMISSION OF EVIDENCE OF A SUBSEQUENT PURCHASE OF STOLEN STAMPS

Gallo's first point, which we find unconvincing, is his contention that the trial court committed error when it admitted evidence of a *subsequent* $4,000 purchase by Gallo of a stamp collection stolen in the break-in. The stamp purchase was consummated two months after he bought the stolen coins. Since the indictment of Gallo did not include any offense with respect to the stolen stamps, he contends that the admission of this evidence was improper and irrelevant.[1] He had properly objected to the introduction of such evidence at trial (Tr. 4).

The evidence, which is objected to, was admitted to support the Government's claim that Gallo knew that the coins, when he transported them, had been stolen.

Such testimony was given by the three thieves, Messrs. Bailey, Minossi and Blankenship, who testified as follows: In October, 1974, they went to Appellant's shop with the stamp collection they had stolen from the Philipp's residence on August 29,

1974, which was the occasion when they also stole the coins (Tr. 72). Despite efforts to cut Mr. Philipp's name off each page of stamps, they missed a few pages and, according to their testimony, the Appellant, while examining the stamps, saw Mr. Philipp's name and cut it out. (Tr. 81, 121, 161). Thus, he knew the stamps came from Philipp. In his argument to the jury the prosecutor made three passing references to the "stamps" (Tr. 322, 324).

With respect to this evidence of the subsequent purchase by Gallo of the stamp collection the court charged the jury:

The indictment does not charge the defendant with stamps or income tax evasion or anything of that sort, so you are not to consider that in this matter. The only charge is the matter of gold coins, and so you would make all of your determinations of his innocence or guilt upon that alone.

(Tr. 359–360).

Gallo also argues that the stamp sale testimony, even if relevant, was cumulative on the issue of knowledge and unnecessarily prejudicial.

The other testimony from which the jury could conclude that the Appellant had knowledge of the stolen character of the coins on August 30, 1974 when he purchased them, was as follows: Mr. Blankenship had testified that prior to August, 1974, he mentioned the Philipp's coin collection to the Appellant, who said he knew the collection and wanted it (Tr. 148); that he had previously sold stolen goods to Gallo (Tr. 147–48); that during the night (Tr. 113)[2] of August 29, 1974, following the afternoon break-in, he called the Appellant, told him he had the coin collection and was told by Gallo to come down to the store at 10:30 a. m., the following morning (Tr. 152). In

---

1. He argues his point as follows:

    It is the law of this Circuit that evidence of acts occurring subsequent to the date of an offense may not be admitted to prove that the Appellant possessed guilty knowledge on the date of the alleged offense. *Witters v. United States*, 70 App.D.C. 316, 106 F.2d 837

(1939); 125 A.L.R. 1031. The rationale being that one cannot have knowledge of a fact at a certain time through some happening or occurrence that may take place in the future. *Witters, supra*, at p. 319, 106 F.2d 837.

Gallo's Brief, p. 10.

2. This testimony was given by Minossi.

addition, the testimony of Bailey, Blankenship and Minossi indicated that on August 30, 1974, Gallo stripped Jack Philipp's name off certain coin books and then stated that Jack Philipp was deceased (Tr. 78, 79, 119, 158, 159) and his widow "doesn't need the money anyway" (Tr. 119). This testimony supports an inference that on August 30, 1974 the Appellant had knowledge of the source and character of the coins.

■■■■ We agree that evidence disclosing the commission of another offense should be excluded, even though relevant, if the value of the evidence is limited and the danger of prejudice is great, *Devore v. United States*, 368 F.2d 396 (9th Cir. 1966). But we find the questioned evidence here to be relevant and admissible under this rule.

As the Government argues:

This evidence must be viewed in the context of Blankenship's testimony that he had discussed the Philipp collection with appellant prior to the burglary; that appellant had instructed Blankenship to bring that collection to him when Blankenship got it; that Blankenship called appellant on the night of the burglary to report his having obtained the collection; and appellant's conversations with the thieves on the day after the burglary regarding the fact that the deceased, Mr. Philipp, no longer had any need of the collection.

Govt. Br., p. 13.

Gallo relies on *Witters v. United States*, 70 App.D.C. 316, 106 F.2d 837 (1939), which involved a conviction for receiving stolen property, to wit, a bicycle. To prove that Witters knew the bicycle was stolen, the Government proved that on three separate occasions within about two weeks after the first bicycle was received Witters purchased other stolen bicycles from three different boys. In holding these subsequent acquisitions of stolen property to be inadmissible to prove scienter the court stated:

the subsequent happenings cannot throw light upon the knowledge of the defendant on that prior occasion. The opinion of the court is that upon the question of knowledge the cases, properly interpreted, make evidence of other offenses admissible only when it relates to prior offenses or to situations in which the offenses occurred both prior and subsequent to the offense charged in the indictment, and that, consequently, the admission of the evidence of subsequent offenses for the purpose of showing knowledge was fatally prejudicial and necessitates a reversal of the judgment.

106 F.2d at 840 (footnotes omitted). The court thus recognized that evidence is admissible of ". . . offenses [which] occurred both prior and subsequent to the offense charged in the indictment." The testimony here was of that character, *i. e.*, that these same thieves had sold stolen property to Gallo before the sale of the coins (Tr. 82, 146, 147–48); that they had "told him" on prior occasions that the goods they were selling him had been stolen (Tr. 146, 147–48); and there was evidence that they sold him stolen property, the stamp collection, subsequent to the sale of the gold coins with which he was charged (Tr. 80, 120–21, 161). *Witters*, thus, recognizes the admissibility of the evidence relating to the subsequent purchases as well as that of the prior purchases. We also believe that the above quoted holding of *Witters* should be limited to its facts, *i. e.*, to situations where the subsequent purchases are not connected or related to the offense being tried. Wharton states the rule, in analogous cases, to be:

In a prosecution for receiving stolen property, guilty knowledge is the gist of the offense, and evidence of other crimes is admissible to establish such knowledge. It is permissible to show that the accused had . . . purchased other property which was stolen from the same person either before or after the crime charged. (Footnotes omitted.)

1 Wharton's Criminal Evidence § 244, pp. 552–53.

The cited case is *State v. Addison*, 249 Iowa 905, 87 N.W.2d 916, 920 (1958), where testimony of a subsequent purchase of a typewriter stolen at the same time as the movie projector charged in the indictment

was held admissible to prove intent and guilty knowledge. To the same effect is *State v. Boyd*, 195 Iowa 1091, 191 N.W. 84, 86 (1922), which involved a series of transactions between the same parties both before and after the offense concerning which the defendant was convicted. The majority rule in the state courts is that evidence of similar transactions subsequent to the charged receiving of stolen property is admissible on the issue of guilty knowledge or intent provided they are not too remote in point of time.[3]

As to the contention that the evidence is not relevant because a subsequent act cannot be probative of a prior state of mind, we believe that it can be in circumstances where the subsequent act is recent and in some material way is connected with the prior event. This is such a case. The testimony disclosed that the stamp collection was stolen by the same thieves at the same time that they stole the coins; the stamps were originally offered to Gallo at the same time as the coins but at that time Gallo declined buying them, saying, ". . . he couldn't handle them right then, *to bring them in later*" (Tr. 80, 119–120, emphasis added); and pursuant to this direction the thieves did bring in the stamps about six weeks or two months later (Tr. 80, 120), when Gallo bought them. Therefore, the purchase of the stamps by Gallo from the same thieves a short time after the coin purchase was merely an acceptance of an earlier proffer Gallo had made to the same men to purchase the stolen stamps. The stamp sale was thus connected with the coin sale in several respects and we find the testimony thereof to be relevant and probative on Gallo's state of mind as it existed at the time he transported the goods in interstate commerce.

Thus, we do not read Gallo's interpretation of *Witters* as controlling this case. *United States v. Braverman*, 376 F.2d 249 (2d Cir. 1969) also holds that evidence of prior and subsequent acts are admissible and probative of the knowledge required by 18 U.S.C. § 2314. *See United States v. Boone*, 470 F.2d 908 (4th Cir. 1972); *McGee v. United States*, 402 F.2d 434, 437 (10th Cir. 1968).

Nor can we agree that the evidence concerning the stamp sale was "cumulative and unnecessarily prejudicial." Gallo Brief, pp. 12–13. Such assertion implies that the other evidence on knowledge was more than sufficient. We agree that it was, but we do not find the stamp sale testimony to be *improperly* cumulative. The Government has a heavy burden of proof beyond a reasonable doubt as to all elements of the offense, and it is not to be restricted to a modest quantum of evidence that will support the indictment.

Gallo also contends that the court's instruction did not adequately "cure" the admission of the evidence. However, as we read the instruction, it was never intended as a curative instruction. It merely cautioned the jury that the only offense with which appellant was charged was the transportation of the gold coins, and that the jury should not convict him on the coins charge because of the evidence that he had purchased the stolen stamps.

It should also be noted that Gallo did not object to this instruction at any time during the trial, and it is clear that the probative effect of the evidence was not outweighed by its prejudicial effect. The testimony concerning the subsequent transaction was extremely modest and not overdone or overemphasized either in testimony or in argument.

---

3. *State v. Ray*, 209 N.C. 772, 184 S.E. 836 (1936); *State v. Keays*, 97 Mont. 404, 34 P.2d 855 (1934); *State v. Park*, 322 Mo. 69, 16 S.W.2d 30 (1929); *State v. Zeman*, 63 Utah 422, 226 P. 465 (1924); *Mehlman v. State*, 92 Tex.Cr.R. 557, 244 S.W. 602 (1922); and cases cited 105 A.L.R. 1293. *Contra*: *Wolf v. United States*, 290 F. 738 (2d Cir. 1923); *State v. Stacey*, 153 Or. 449, 56 P.2d 1152 (1936); *People v. Gotler*, 311 Ill. 387, 143 N.E. 63 (1924); *Dampier v. State*, 191 Ind. 334, 132 N.E. 590 (1921). In *Wolf*, however, the subsequent transactions were both unconnected with, and almost two years remote in time from, the charged transactions. The pro cases, like the instant case, involve transactions which are connected and not remote in time.

## II. THE INSTRUCTION ON KNOWLEDGE THAT THE GOODS WERE STOLEN

The statute which Gallo is charged with violating provides:

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, *knowing the same to have been stolen*, converted or taken by fraud . . . . . Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

18 U.S.C. § 2314.[4] (Emphasis added).

In charging the jury as to how it should determine whether Gallo knew that the coins were stolen the Court instructed as follows:

The essential elements of the offense of interstate transportation of stolen property, each of which the Government must prove beyond a reasonable doubt, are:

\* \* \* \* \* \*

3. That at the time the defendant transported it, or caused it to be transported in interstate commerce, he *knew it to be stolen* or converted;

\* \* \* \* \* \*

*As to knowledge that the goods were stolen*, this may have been actual, or *the facts and circumstances may have been such as would or should put the defendant on notice that the goods were stolen.*

The test is whether the facts and circumstances were such that *a reasonably prudent man would be put on notice that the goods were stolen.*

An act is done knowingly if done voluntarily and not by mistake or accident or inadvertence.

(Tr. 358–59) (Emphasis added).

At trial Gallo objected to this instruction as importing the "reasonable man" test from a D.C. statute which makes it an offense for one, "with intent to defraud, to receive or buy anything of value which shall have been stolen . . . knowing or *having cause to believe the same to be stolen* . . . ." D.C.Code § 22–2205 (emphasis added). He contended, and still does, that, since 18 U.S.C. § 2314 prohibits transportation of goods in interstate commerce "knowing" the same to have been stolen the jury should have been told that proof by the Government of *"actual knowledge"* was required.

There are several federal cases which state that proof of *actual* knowledge is required. *United States v. Fields*, 466 F.2d 119 (2d Cir. 1972), involved a conviction under 18 U.S.C. § 659, which has a knowledge requirement similar to that of § 2314. In *Fields* the court held that it was error to instruct the jury that they could find the defendants "knew" that certain goods were stolen from evidence that *"tends to prove [such] knowledge . . ."* 466 F.2d at 120. Thereafter, the opinion states that the Government was required to prove that the defendants "actually knew" that the goods were stolen property. *Id.* Two cases are cited for this "actually knew" requirement, but they do not support such a rule. *United States v. Massarotti*, 462 F.2d 1328 (2d Cir.), *cert. denied*, 409 U.S. 982, 93 S.Ct. 319, 34 L.Ed.2d 246 (1972), held that guilty knowledge of defendant Legari could be inferred from his use of a false exculpatory statement and his closing of the truck door to which the stolen goods had been switched; and that the same conclusion could be reached with respect to Massarotti because of his ownership of a truck which was standing by and might have been used to convey the stolen goods, and because he had admitted thinking that "everything might not be all right." In *United States v. Nitti*, 444 F.2d 1056 (7th Cir. 1971) the 7th Circuit held that the mere fact that Nitti was a passenger in a truck towing a trailer containing stolen merchandise constituted

---

**4.** The indictment charges:

On or about August 30, 1974, JOSEPH L. GALLO did transport and cause to be transported in interstate commerce from the Commonwealth of Virginia to the District of Columbia, stolen goods, wares, and merchandise, namely, gold coins, property of Margaret Philipp, of a value in excess of $5,000.00, knowing the same to have been stolen.

an insufficient basis for concluding that he knowingly possessed stolen property. Neither *Massarotti* nor *Nitti* refer to any requirement of "actual knowledge."

■ Judge Friendly's fine opinion in *United States v. Jacobs,* 475 F.2d 270 (2d Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 131, 38 L.Ed.2d 53 (1973), which relates to a § 2314 violation, does state:

> The jurors in this case were made well aware that they had to find *either* that the defendants *actually knew* the bills had been stolen or had manifested by their conduct that they were deliberately shutting their eyes to what they had every reason to believe to be the fact.

475 F.2d at 288 (Emphasis added). Such statement of the law does not require actual knowledge—in fact it permits proof of the required scienter also to rest upon a wilful refusal to inquire or to be concerned with the true owner of the property. With respect to these "*actually* knew" statements we agree with Judge Friendly's observation that "a good definition, like the language of a sound judicial opinion, . . . is not necessarily appropriate as a charge . . ." *United States v. Jacobs, supra,* 475 F.2d at 287.

■ As we view § 2314, it would be a misinterpretation thereof to require proof of actual knowledge. *United States v. Jacobs, supra,* states as much when it allowed for alternative proof. Limiting convictions to those cases where actual knowledge was proved would impose an unnecessarily rigid standard, in that it would tend to require clear direct evidence in all cases, would substitute actual certainty of proof for proof beyond a reasonable doubt, and would eliminate many reasonable conclusions which it would be permissible to draw from circumstantial evidence and from those time-honored presumptions in this area of the law which are recognized as being valid conclusions from inadequacy of price and exclusive possession of recently stolen goods. We have no hesitancy in holding that the jury may conclude from circumstantial evidence that an accused possessed the requisite knowledge for the statutory

offense. In our view the knowledge requirement of the statute is sufficiently stated if the jury are instructed they must find that the defendant transported the goods "knowing [the] same to have been stolen . . . ." *Cf. United States v. DeKunchak,* 467 F.2d 432, 437 (2d Cir. 1972). To impose any "actual knowledge" requirement would overstate the standard imposed by the statute.

■ While our interpretation of the statute does not go so far as to require the rigid proof of *actual* knowledge that appellant contends for, we do find that the court's instruction on knowledge was erroneous because it understated the full degree of proof required. What the statute requires is proof that an accused *knew the goods were stolen.* As we perceive the requirement of the statute as applied to this case, that the accused transported the coins "knowing the same to have been stolen . . . .," such element is not sufficiently proved by—

> . . . facts and circumstances . . . such as *would or should put the defendant on notice* that the goods were stolen . . . such that a reasonably prudent man would be *put on notice* that the goods were stolen.

(Tr. 359) (Emphasis added). It may be true in a given case, such as where the notice was clear and was wilfully ignored, that evidence of such facts may be considered by the jury as *part* of the proof that an accused possessed the requisite knowledge, but it is error to instruct that a guilty verdict can rest solely on facts that would or *should* put a reasonably prudent man *on notice.* While there may be factual situations where the notice which the accused received was so strong that knowledge could reasonably be imputed therefrom, there are many other instances where such notice would be insufficient. What the given instruction lacks is the statement that the notice must be such that the jury could conclude therefrom that the accused did know that the goods were stolen. Unless the instruction reaches that point, it fails to satisfy the requirement of the statute.

The instruction that was given, by permitting a conclusion of knowledge from facts that should put a reasonable man on notice, stops short of meeting the degree of knowledge that the statute requires and thereby imposes a lesser standard for proving guilt than the act requires. One can conceive of many instances when facts that a reasonable man might notice as conveying knowledge should not be equated with proof of knowledge beyond a reasonable doubt. What is required is the further step that the facts and circumstances of which he is placed on notice, and his actions with respect thereto, are such as to permit a conclusion that he *knew* the goods were stolen. *United States v. Landers*, 484 F.2d 93, 94 (5th Cir. 1973), *cert. denied*, 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974).[5]

As mentioned above, there are also other facts and circumstances from which a jury may base a finding of the knowledge required by § 2314. *United States v. Jacobs, supra*, points to one method of proof:

> Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence.

Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 898, 40 L.Ed. 1090 (1896) —a principle we have often applied. *See*, e. g., United States v. DeSisto, 329 F.2d

929, 935 (2d Cir.), cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964); United States v. Izzi, *supra*, 427 F.2d at 297.

475 F.2d at 280. We have stated the rule to require "exclusive" possession of recently stolen property. *United States v. Fench*, 152 U.S.App.D.C. 325, 334 n. 19, 470 F.2d 1234, 1243, n. 19 (1972), *cert. denied*, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973); *United States v. Coggins*, 140 U.S. App.D.C. 134, 138–39, n. 31, 433 F.2d 1357, 1361–62, n. 31 (1970); *United States v. Johnson*, 140 U.S.App.D.C. 54, 57, n. 17, 433 F.2d 1160, 1163, n. 17 (1970); *Pendergrast v. United States*, 135 U.S.App.D.C. 20, 30–35, 416 F.2d 776, 786–91, *cert. denied*, 395 U.S. 929, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969). Other instructions do not require that possession be "exclusive." Devitt & Blackmar, Federal Jury Practice and Instructions §§ 13.11, 13.12 (1970).

Another rule, that a jury may conclude from the acquisition of goods for an inadequate price that the purchaser knew they were stolen, needs no extensive citation of authority. Wharton's Criminal Evidence, § 244, n. 40 (1972). Thus, the knowledge required by the statute may be proven in different ways, but, whatever method of proof is followed, the jury must be able to conclude therefrom beyond a reasonable doubt that the defendant *knew* the goods were stolen.

For possible use on remand we have set forth a suggested instruction in the margin,[6] which is based on the charge given

---

**5.** In *United States v. Thompson-Hayward Chemical Co.*, 446 F.2d 583 (8th Cir. 1971), involving a charge based on 18 U.S.C. § 834(f) that the defendants had "knowingly" violated an ICC regulation, it was held that the jury instruction was erroneous which permitted a *guilty verdict on evidence that the failure to comply with the regulations was due to* "inadvertence or mistake, and . . . not intentional or deliberate." 446 F.2d at 584. The opinion quoted *Boyce Motor Lines v. United States*, 342 U.S. 337, 342, 72 S.Ct. 75, 96 L.Ed. 639 (1952): "The statute punishes only those who knowingly violate the Regulation . . . It must also be shown that petitioner *knew* that there was such a practicable, safer route and yet deliberately took the more dangerous route through the tunnel, or that petitioner willfully

neglected to exercise its duty under the Regulations to inquire into the availability of such an alternative route." (Emphasis added). 446 F.2d at 585.

**6.** The Government must prove beyond a reasonable doubt that the defendant knew the coins had been stolen.

Knowledge is not something that can be seen or touched and ordinarily is not proved by direct evidence, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant knew the coins were stolen from circumstances that would convince a person of ordinary intelligence that such was the fact.

and approved in *United States v. Jacobs, supra,* 475 F.2d at 287, n. 37.

For the foregoing reasons the judgment of conviction is vacated and the case is remanded for a new trial.

*Judgment accordingly.*

In deciding whether the defendant knew the coins were stolen, you should consider the entire conduct of defendant that you deem relevant and which occurred at or near the time the offenses are alleged to have been committed.

Guilty knowledge cannot be established by demonstrating mere negligence or even foolishness on the part of the defendant, but it may be satisfied by proof that the defendant deliberately closed his eyes to what otherwise would have been obvious to him. Thus if you find that the defendant acted with reckless disregard of whether the coins were stolen, and with a conscious purpose to avoid learning the truth, the requirement of knowledge might be found to be satisfied, unless the defendant actually believed they were not stolen.

I further instruct you that proof of a sale and purchase at a substantially discounted price permits, but does not require, an inference that the defendant knew of the stolen character of the coins he purchased.