**UNITED STATES of America**

v.

**Dorian Michael BROWN, Appellant.**

**No. 76–2177.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Without Argument Sept. 22, 1977.

Decided Oct. 11, 1977.

James G. Heldman, Washington, D. C. (Appointed by this Court) was on the brief for appellant.

---

Earl J. Silbert, U. S. Atty., and John A. Terry, Mary H. Weiss, and William J. Cassidy, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before BAZELON, Chief Judge, and TAMM and WILKEY, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Defendant was tried on two counts of selling heroin and one of selling marijuana. The charges were based on sales by defendant to a government agent on May 15, May 27, and July 8, 1976. Defendant admitted that the three transactions took place. His defense was entrapment. The jury convicted him on all three counts.

At trial, defendant objected to introduction of evidence concerning a fourth transaction, which was to have taken place on the day of his arrest, July 19, 1976. This evidence consisted of testimony that a fourth transaction had been arranged, that defendant appeared and was arrested at the appointed time and place, and that drugs were seized during the arrest of defendant's alleged source, who arrived shortly after defendant. Defendant's contention was that events subsequent to commission of the crimes charged are irrelevant and prejudicial to the question of predisposition. The trial judge overruled defendant's objection and admitted the evidence. We affirm.

■ The entrapment defense focuses on the question whether defendant was predisposed to commit crimes of the nature charged. *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). To demonstrate that defendant was ready and willing to commit such crimes at any favorable opportunity, the government may introduce evidence that he had previously engaged in other similar criminal activity. *E. g., United States v. Owens*, 346 F.2d 329 (7th Cir.), *cert. denied*, 382 U.S. 878, 86 S.Ct. 163, 15 L.Ed.2d 119 (1965). The government may also introduce testimony about defendant's contemporaneous conduct—that is, the manner in which defendant responded to the agent's inducements. Evidence that defendant readily acquiesced in the agent's requests surely bears on his predisposition. *See, e. g., United States v. Ortiz*, 496 F.2d 705 (2d Cir. 1974); *United States v. Prieto-Olivas*, 419 F.2d 149, 151 (5th Cir. 1969). Similarly, subsequent events may illuminate the issue of predisposition. To overcome a claim of entrapment the government has been permitted to demonstrate that a post-indictment search of a defendant's house yielded evidence of criminal activity, *United States v. Warren*, 453 F.2d 738, 741 (2d Cir.), *cert. denied*, 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972); and that a defendant later committed crimes similar to the ones charged. *United States v. Rodriguez*, 474 F.2d 587 (5th Cir. 1973).

■ The question in each case is not whether the events sought to be introduced occurred before, during, or after commission of the alleged offense. The question is whether the events are relevant to· and probative of defendant's willingness to commit the crime charged when first solicited to do so by a government agent. *Cf. United States v. Gallo*, 177 U.S.App.D.C. 214, 543 F.2d 361, 364–65 (1976).

■ In this case, the trial judge acted within his sound discretion in admitting evidence of defendant's access to heroin on July 19 and defendant's willingness to consummate a sale on that date. Such evidence is remote neither in time nor in character from the crimes for which defendant was indicted.

*Affirmed.*