UNITED STATES of America, Plaintiff-Appellee,

v.

Charles Floyd STEPHENS, Defendant-Appellant.

No. 77–5381.

United States Court of Appeals, Fifth Circuit.

March 24, 1978.

John C. Rockett, Jr., Birmingham, Ala. (court-appointed), for defendant-appellant.

J. R. Brooks, U. S. Atty., Herbert H. Henry, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before HILL, RUBIN and VANCE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

After a first trial that resulted in a mistrial because the jury was unable to reach a verdict, Charles Floyd Stephens was tried again and convicted by a jury of selling a motor vehicle, knowing it to have been stolen, in violation of 18 U.S.C. § 2313. His only defense in both trials was that he did not know that the vehicle had been stolen. After the jury had begun its deliberations in the second trial, one of the jurors asked the judge orally whether suspicion that a vehicle was stolen was equivalent to knowledge. We find that the judge's impromptu answer (based on a reasonable person standard) was incorrect and misleading. We, therefore, reverse the conviction and remand for a new trial.

It was evident throughout the trial that the only defense was the defendant's argument that he did not know that the vehicle was stolen. In its jury charge, the court correctly instructed the jury on the issue of knowledge. However, after deliberating approximately four hours, the jury requested clarification of several terms, including the word "knowingly." The judge called the jury to the courtroom, and the following colloquy occurred:

Court: . . . [A]n act is knowingly done when it is consciously done . . . an act is knowingly done if done voluntarily and intentionally and not because of some mistake or accident or other innocent reason . . .

\*     \*     \*     \*     \*     \*

Juror: . . . if somebody acted with a suspicion that what he's doing could be wrong . . . would that constitute knowing?

Court: I think in that connection you are going to have to view it as a reasonable person, what a reasonable person would know or should know under the circumstances and be governed accordingly.

After this instruction was given, the jury deliberated for ten more minutes, and returned a guilty verdict.

■■■ Knowledge that the vehicle sold has been stolen is an essential element of guilt under the statute. 18 U.S.C. § 2313.[1] It must be shown that, at the time the vehicle was sold, the defendant had actual knowledge that he was dealing with a stolen car. *Schaffer v. United States,* 5 Cir. 1955, 221 F.2d 17; *cf., United States v. Jewell,* 9 Cir. 1976, 532 F.2d 697, *cert. denied,* 1976, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188; *United States v. Gallo,* 1976, 177 U.S.App.D.C. 214, 543 F.2d 361; *United States v. Bright,* 2 Cir. 1975, 517 F.2d 584. That state of mind may, of course, be shown by circumstantial evidence. *United States v. Bright, supra; United States v. Jewell, supra; United States v. Jacobs,* 2 Cir. 1973, 475 F.2d 270, *cert. denied sub nom, Lavelle v. United States,* 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53; *Turner v. United States,* 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610; *Leary v. United States,* 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. It is not necessary for the prosecution to perform the impossible task of obtaining a print-out of the defendant's state of consciousness at the moment of sale. But, however proved, actual knowledge itself must be shown beyond a reasonable doubt. *Schaffer v. United States, supra.*

The court's supplemental definition of knowledge, which used a "reasonable person" standard, was incorrect. Although the court further instructed the jury to consider the supplemental definition in the light of the entire charge, this cautionary statement did not effectively balance the misleading instruction[2] coming as it did at a crucial time in the jury's deliberations. When the jury has zeroed in on a critical issue, accurate instructions take on maximum importance. See *United States v. Bright, supra.*

■■■ The defendant also contends that the evidence was insufficient to sustain the conviction. If this were so, then acquittal would be required. *United States v. Barrera,* 5 Cir. 1977, 547 F.2d 1250; *United States v. Salinas-Salinas,* 5 Cir. 1977, 555 F.2d 470. But the sufficiency of the proof of every element of the offense other than knowledge is conceded. There was, in addition, evidence that might have been considered on the issue of the defendant's awareness that he was dealing with a stolen automobile. The defendant gave an account of his acquisition of the vehicle to an FBI agent, which was related by the agent to the jury; Stephens said he had bought the vehicle for $305 in cash from a stranger whom he had met beside the road. The jury might have considered this not only implausible but incriminatory. In assessing the defendant's state of mind, the jury was also entitled to take into account the fact of the defendant's possession of recently stolen property and his prior conviction on two counts of violating the same

1. 18 U.S.C. § 2313 states:

   Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. We need not discuss the situation that would have arisen had further instructions been given that would have modified or tempered the court's statement. The following cases discuss the overall correctness of instructions on knowledge that include statements that knowledge may be divined in some way other than by considering the defendant's actual subjective consciousness. *See, for example, United States v. Jewell,* 9 Cir. 1976, 532 F.2d 697, *cert. denied,* 1976, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188; *United States v. Gallo,* 1976, 177 U.S.App.D.C. 214, 543 F.2d 361; *United States v. Bright,* 2 Cir. 1975, 517 F.2d 584; *United States v. Jacobs,* 2 Cir. 1973, 475 F.2d 270, *cert. denied sub nom, Lavelle v. United States,* 1973, 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53; *Turner v. United States,* 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610; *Leary v. United States,* 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57.

statute, and two counts of violating the statute dealing with transportation of stolen vehicles, 18 U.S.C. § 2312. All of these, taken together, were sufficient to support the jury's verdict. *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *United States v. Casey,* 5 Cir. 1976, 540 F.2d 811; *United States v. Fairchild,* 5 Cir. 1975, 505 F.2d 1378.

The judgment appealed from is reversed, and the case is remanded for a new trial.

REVERSED AND REMANDED.