979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Gregory Alan PANGELINAN, Defendant-Appellant.
 No. 91-10611.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1992.
Decided Nov. 17, 1992.
 
 Before JAMES R. BROWNING, WILLIAM A. NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pangelinan was convicted of manslaughter and possession and use of a deadly weapon in the commission of a felony. He challenges his conviction on the grounds that the government failed to prove that he knew the weapon was deadly, and that the trial court erred in admitting into evidence a golf club allegedly used in the crime. We affirm.
 
 
 3
 Pangelinan's first claim is that there was insufficient evidence to allow a rational jury to conclude that he used a deadly weapon. Under Guam law, to convict somebody of using a deadly weapon, the government must prove more than that a reasonable person would have known the weapon to be deadly. It must prove that the defendant himself knew it to be deadly. 9 G.C.A. § 16.10. The government may use both direct and circumstantial evidence to meet its burden. See, e.g., U.S. v. Felix-Gutierrez, 940 F.2d 1200, 1206 (9th Cir.1991). Indeed, circumstantial evidence is frequently the only type that will be available, given the "impossible task of obtaining a print-out of the defendant's state of consciousness" at the moment of the attack. United States v. Stephens, 569 F.2d 1372, 1374 (9th Cir.1978).
 
 
 4
 The jury in this case had the following circumstantial evidence before it: the baton itself, Dr. Park's testimony that the baton could kill, and Robert Augustine's testimony regarding the manner in which the defendant struck the victim with the baton. Viewing this evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found that the defendant knew the baton could cause serious injury or death.
 
 
 5
 Pangelinan's second challenge is to the introduction of a golf club that the prosecution claimed had been used in the attack. Fed.R.Evid. 901(a) permits the introduction of evidence only if there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." The person best suited to establish the initial link in the chain of custody was the person who found the golf club. The prosecution, however, failed to call this person as a witness. Instead, the prosecution relied on the testimony of Robert Augustine, who testified that he saw the golf club strike the victim and identified the golf club introduced at trial as the one used during the crime.
 
 
 6
 We need not decide whether the district court abused its discretion in admitting the golf club based upon Augustine's identification, because we conclude that any such error was harmless. If the golf club itself had not been admitted, the jury still would have known that a golf club was used in the assault. The jury's exposure to a golf club is not likely to prejudice or inflame passions of the jury. Moreover, Pangelinan himself was not accused of using the golf club in the assault. Augustine testified that Pangelinan's companion hit the victim with the golf club, while Pangelinan used a baton. Accordingly, Pangelinan himself suffered no prejudice from admission of the golf club.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3